**In the Interest of H.D.H. and C.M.H., minors.**

**No. 09–03–388 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 6, 2004.

Decided Feb. 12, 2004.

Christine Brown–Zeto, Orange, for appellant.

Pam Walker, Asst. District Attorney, Livingston, John Gascoigne, Regional Attorney, TDPRS, Beaumont, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

After a jury found that the parental rights of Christopher Horton should be terminated,[1] the trial court entered its order terminating the parent-child relationships between appellant and his two children, H.D.H. and C.M.H. Pursuant to section 263.405 of the Texas Family Code, appellant filed his sworn statement of indigency, motion for new trial, and statement of appellate points. The trial court found appellant was indigent, and appellee, the Texas Department of Protective and Regulatory Services ("Department"), does not contest that determination. The trial court further denied appellant's motion for new trial, and found: (1) appellant presented no substantial question for appellate review and (2) the appeal was frivolous. *See* TEX. FAM.CODE ANN. § 263.405(g) (Vernon 2002); *see* TEX. CIV. PRAC. & REM.CODE § 13.003 (Vernon 2002). In accordance with the statute, this court has reviewed the parties' briefs and limited appellate record. *See* TEX. FAM.CODE ANN. § 263.405(g) (Vernon 2002). We overrule and vacate the trial court's order of September 3, 2003.

■ Under Family Code section 263.405, a trial court may determine an

---

1. The jury also determined that the parental rights of Sadonia Marie Massey, the children's mother, should be terminated. Massey does not appeal.

indigent party's appeal from a termination order is frivolous as provided by Texas Civil Practice and Remedies Code section 13.003(b). *See* TEX. FAM.CODE ANN. § 263.405(d)(3). Such a determination precludes the indigent party from receiving a complete reporter's record and clerk's record for appeal. *See* TEX. FAM. CODE ANN. § 263.405(d)(3); *see* TEX. CIV. PRAC. & REM.CODE § 13.003 (Vernon 2002). In deciding whether an appeal is frivolous, a court "may consider whether the appellant has presented a substantial question for appellate review." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b). An appeal is frivolous when it lacks an arguable basis either in law or in fact. *De La Vega v. Taco Cabana, Inc.,* 974 S.W.2d 152, 154 (Tex.App.-San Antonio, 1998, no pet.). In addition, we recognize terminating parental rights is a "drastic remedy." *In re D.T.,* 34 S.W.3d 625, 630 (Tex.App.-Fort Worth 2000, pet. denied) (op. on reh'g). "The liberty interest ... of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court." *Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56 (2000).[2]

■ We must determine whether, on the record before us, the trial court abused its discretion in finding appellant presented no substantial question for appellate review and in finding the appeal to be frivolous, or without an arguable basis either in law or in fact. *De La Vega,* 974

S.W.2d at 154. The appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations. *In re C.H.,* 89 S.W.3d 17, 25–26 (Tex.2002).

■ In this limited record, we find a disturbing contradiction. On the one hand, the termination order finds appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the physical or emotional well-being of the children and further finds appellant engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the physical or emotional well-being of the children. On the other hand, at the hearing to determine appellant's entitlement to a free record, the Department's counsel had this to say:

> Well, there's no evidence in the trial to show that Mr. Horton knew of his wife's sexual activities or knew that the children were ever exposed to such. And that goes to the ground of knowingly placed or knowingly allowed children to remain in conditions or surroundings which endanger the physical or emotional well being. There's no evidence that it was knowing on his part. That's not the grounds that he was terminated on. There was no evidence to terminate him on that ground. It's simply not relevant to the defense of his cause of action.

The Department is bound by these judicial admissions of its attorney. *See Isern v.*

---

2. Some courts have stated that appellate courts are "duty bound to strictly scrutinize termination proceedings and must strictly construe involuntary termination statutes in favor of the parent." *In re D.T.,* 34 S.W.3d 625, 630 (Tex.App.-Fort Worth 2000, pet. denied)(op. on reh'g) (citing *Holick v. Smith,* 685 S.W.2d 18, 20–21(Tex.1985)). However,

the Texas Supreme Court has determined that "*Holick's* strict scrutiny language does not dictate procedure. The language simply evidences this Court's recognition of the important interests involved in parental-termination proceedings." *In re J.F.C.,* 96 S.W.3d 256, 303 (Tex.2002).

*Watson,* 942 S.W.2d 186, 200–01(Tex.App.-Beaumont 1997, writ denied).

Thus, the evidence here is such that, in light of the Department's judicial admissions, a factfinder could not reasonably form a firm belief or conviction about the truth of the State's allegations in its petition—namely, that appellant knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the physical or emotional well-being of the children and engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the physical or emotional well-being of the children. Here, we have clear and convincing evidence from the Department itself contradicting the essential findings of the court. On these facts, we find the trial court abused its discretion in finding appellant presented no substantial question for appellate review and in finding the appeal to be frivolous. The record here shows an arguable basis for appealing the termination order.[3] *De La Vega,* 974 S.W.2d at 154.

As we have found the trial court abused its discretion, we overrule and vacate the trial court's order of September 3, 2003, which ruled that appellant was not entitled to a free record on appeal, and hold that appellant is entitled to proceed on appeal without advance payment of costs. The complete clerk's record and the reporter's record are due sixty days from the date of this opinion. The appellant's brief is due twenty days after the filing of the appellate record. The appellee's brief is due twenty days after the appellant files his brief.

OVERRULED AND VACATED.

---

**3.** We also note the Texas Supreme Court has recently held "the statutory right to counsel in parental-rights termination cases embodies the right to effective counsel." *In re M.S.,* 115 S.W.3d 534, 544 (Tex.2003); *see* Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2004). If, as the Department contends throughout its brief, appellant waived error on appellate points he presented to the trial court, the right to effective assistance of counsel may be an issue. *See In re M.S.,* 115 S.W.3d at 548–50 ("if the court of appeals finds that the evidence to support termination was factually insufficient, and that counsel's

failure to preserve a factual sufficiency complaint was unjustified and fell below being objectively reasonable, then it must hold that counsel's failure to preserve the factual sufficiency complaint by a motion for new trial constituted ineffective assistance of counsel."); *see also In re B.L.D.,* 113 S.W.3d 340, 354 (Tex.2003), *pet. for cert. filed,* —— U.S.L.W. —— (U.S. Nov. 19, 2003) (No. 03–8432)("fact specific due process analysis" ... "could require a court of appeals to review an unpreserved complaint of error to ensure that our procedures comport with due process.").