Affirmed and Memorandum Opinion Filed April 14, 2009








Affirmed
and Memorandum Opinion Filed April 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00904-CV

____________

 

IN THE INTEREST OF R.C.R., A CHILD

 



 

On Appeal from the County
Court at Law

Washington County, Texas

Trial Court Cause No. CCL-5316

 



 

M E M O R A N D U M   O P I N I O N

After a bench trial, Becky Kemp=s parental rights
to R.C.R., a child, were terminated, and in a post-judgment hearing, the trial
court further found that Kemp=s appeal of the termination order was
frivolous.  In four issues, Kemp appeals the trial court=s frivolousness
finding under section 263.405(d) of the Texas Family Code and the
constitutionality of this statutory provision.  After reviewing the briefs,
statement of points on appeal, and the limited appellate record,[1]
we affirm the trial court=s frivolousness finding and its order
terminating Kemp=s parental rights.    








RELEVANT PROCEDURAL HISTORY

After a bench trial, judgment was rendered terminating Kemp=s parental rights
to R.C.R.  In the order of termination, the trial court concluded that
terminating the parent-child relationship between Kemp and R.C.R. was in the
child=s best interest. 
The trial court further found by clear and convincing evidence that Kemp: (1) Aknowingly placed
or knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child@; (2) Aengaged in conduct
or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child@; and (3) Aconstructively
abandoned the child who has been in the permanent or temporary managing
conservatorship of the Department . . . for not less than six months and . . .
[a] the Department . . . made reasonable efforts to return the child to the
[mother]; . . . [b] the [mother] has not regularly visited or maintained
significant contact with the child; [and] . . . [c] the [mother] has
demonstrated an inability to provide the child with a safe environment.@ 

Thereafter, Kemp filed a motion for new trial, her
statement of points on appeal, and a notice of appeal.  The trial court held a
hearing as required by section 263.405(d) and signed an order that (1) denied
Kemp=s motion for new
trial, (2) determined that Kemp was indigent for purposes of appeal, and (3)
found that an appeal of the issues raised in the statement of points would be
frivolous as provided by section 13.003(b) of the Civil Practice and Remedies
Code.  On appeal, Kemp contends that the trial court abused its discretion by
determining that her appeal was frivolous.  Kemp further contends that section
263.405 violates her constitutional rights to due process and equal protection.

STANDARD OF REVIEW








After a trial court has terminated parental rights, it is
required to hold a hearing to determine whether: (1) a new trial should be
granted; (2) a party=s claim of indigence, if any, should be
sustained; and (3) the appeal is frivolous as provided by Section 13.003(b) of
the  Civil Practice and Remedies Code.  Tex. Fam. Code ' 263.405(d).  If
the trial court concludes that a party is indigent and an appeal is frivolous
under subsections (2) and (3), an indigent appellant is not entitled to a
no-cost appellate record and limited in his or her appeal.  See Tex.
Civ. Prac. & Rem. Code ' 13.003(a)(2)(A); In re K.D., 202
S.W.3d 860, 865 (Tex. App.CFort Worth 2006, no pet.).     

We review a trial court=s determination
that an appeal is frivolous under an abuse of discretion standard.  In re
M.N.V., 216 S.W.3d 833, 834 (Tex. App.CSan Antonio 2006,
no pet.).  An appeal is frivolous when it lacks an arguable basis in law or in
fact.  In re K.D., 202 S.W.3d at 865.  In determining whether an appeal
is frivolous, the trial judge may consider whether the appellant has presented
a substantial question for appellate review.  Tex. Civ. Prac. & Rem. Code ' 13.003(b); Tex.
Fam. Code ' 263.405.  

Our review of a trial court=s frivolous
finding is initially limited to the frivolousness issue.  See Tex. Fam.
Code ' 263.405(g);
Lumpkin v. Dep=t of Family and Protective Servs., 260 S.W.3d 524,
526 (Tex. App.CHouston [1st Dist.] 2008, no pet.).  Before we can
reach the substantive merits of an appeal in which a frivolousness finding has
been made, we must first determine whether the trial court properly found the
appeal to be frivolous.  See Lumpkin, 260 S.W.3d at 526 (explaining
that frivolousness finding under section 263.405 is reviewed under an abuse of
discretion standard and that appellate court must consider frivolousness issue
before proceeding to the merits of the appeal); In re S.T., 239 S.W.3d
452, 454 (Tex. App.CWaco 2007, order).  Accordingly, we first
address the trial court=s frivolousness finding and then, if
appropriate, the merits of Kemp=s appellate issues.[2]








FRIVOLOUSNESS FINDING

In accordance with the statute, Kemp filed a motion for new
trial and her statement of points on appeal after her parental rights were
terminated.  In her statement of points on appeal, Kemp challenged the legal
and factual sufficiency of each of the three grounds for termination listed in
the trial court=s order of termination.  After the section
263.405 hearing, the trial court denied the motion for new trial and determined
that Kemp was indigent and her appeal, based on the issues articulated in her
statement of points on appeal, would be frivolous.  We must determine whether
Kemp presented sufficient arguments at the hearing demonstrating that her
statement of points on appeal were substantial questions for appellate review. 
See Tex. Civ. Prac. & Rem. Code ' 13.003(b); In
re H.D.H., 127 S.W.3d 921, 923 (Tex. App.CBeaumont 2004, no
pet.).

At the hearing, the Department described the evidence
relating to each of the points of appeal and presented an argument as to why
each ground would be frivolous.  The Department referred to the following
evidence which support each ground for termination:[3]

Regarding endangerment, the Department referred to evidence
that Kemp Awas homeless, was going from place to place, [and] was
also visiting people that she did not know with the child in her care.@  The Department
also pointed out that there had been testimony of neglectful supervision of
R.C.R.  Kemp herself testified that she took R.C.R. on a bus to East Texas to
stay in a hotel with someone she met on the Internet or on a telephone Achat line.@  Kemp also
admitted that she was abusing alcohol during that time period.  Additionally,
the Department directed the trial court to evidence that after R.C.R. was
removed from her care, Kemp had lived with a succession of violent men,
suggesting her inability to provide a stable home environment.








As to constructive abandonment, the Department asserted
that the evidence showed Kemp=s discharge at one point from her
counseling services because of non-attendance.  Furthermore, when the
Department agreed with Kemp that Kemp would come to Brenham to see the child
one week and then the Department would take the child to see Kemp the next,
Kemp never made any of the scheduled visits to Brenham.  In fact, from July
2007 to April 2008, there were no visits between Kemp and R.C.R.

Kemp was represented at the hearing by counsel appointed to
handle her appeal; her trial counsel did not appear at the hearing.  Kemp=s appellate
counsel acknowledged not being present for the trial, but represented that she
had spoken with trial counsel about the evidence.  Appellate counsel asserted
that there had been some contact between Kemp and R.C.R. and described Kemp=s completion of
various requirements for the return of R.C.R., including a psychological
evaluation, counseling, and parenting classes.  Kemp had testified at trial
about her current sobriety as well as transportation problems making it
difficult for her to go to Brenham to visit R.C.R.  According to counsel, Kemp
saw the child on every opportunity she could.  Counsel further highlighted that
an unannounced home visit by the Department=s investigator
found her five-month-old twins to be clean with no marks or bruises, and the
apartment where she was living was stocked with baby food and formula.  Counsel
also pointed out that Kemp had begun the process of getting a restraining order
against one of the violent men who had lived with her.

More generally, Kemp=s counsel
emphasized that while the Department=s burden at trial
was an elevated one and that overcoming a claim of frivolousness Ais a pretty low
standard.@  Counsel also argued that the ad litem appointed to
represent R.C.R. had had a difficult time making a recommendation in the case. 
In response, emphasizing that the standards of review on appeal favor upholding
a trial court=s findings of fact, the Department pointed out that
the ad litem ultimately recommended termination of Kemp=s parental rights.








After reviewing the limited record before us, we conclude
that the evidence described in the hearing does not present a substantial question
for appellate review.[4] 
See In re A.S., 239 S.W.3d 390, 392B93 (Tex. App.CBeaumont 2007,
pet. dism=d).  Although affirming the trial court=s frivolousness
finding in this case results in no review of the substantive merits of Kemp=s appeal, a
constitutional challenge to the statute is not deemed frivolous and should be
reviewed by an appellate court.  E.g., D.R. v. Tex. Dep=t of Family &
Protective Servs., No. 08-07-00355-CV, 2008 WL 5256431, at *4 (Tex. App.CEl Paso Dec. 18,
2008, no pet.) (holding challenge to constitutionality of section 263.405 was
not frivolous).  Accordingly, we must proceed to Kemp=s constitutional
challenges to section 263.405.








CONSTITUTIONAL ISSUES

In her first, second, and fourth appellate issues, Kemp
contends that the application of section 263.405, as applied to her, violates
her constitutional rights to due process and equal protection.  Kemp, however,
did not raise these Aas applied@ constitutional
arguments in the trial court.  In In re L.M.I., the Supreme Court of
Texas applied the preservation requirements of Texas Rule of Appellate
Procedure 33.1 to a constitutional complaint in the parental rights termination
context.  119 S.W.3d 707, 710-11 (Tex. 2003); see also Tex. R. App. P.
33.1 (providing that as a prerequisite for appeal, a timely and sufficiently
explicit request, objection, or motion must be made in the trial court).  In In
re A.J., this court declined to address the merits of an appellant=s claim that section
263.405 unconstitutionally denied his right to appeal because he failed to
raise the argument below and failed to properly brief it on appeal.  No.
08-00471-CV, 2009 WL 87602, at *1 (Tex. App.CHouston [14th Dist.]
Jan. 15, 2009, no pet. h.) (per curiam) (mem. op.).  The Fort Worth court held
similarly in In re D.W., 249 S.W.3d 625, 631 (Tex. App.CFort Worth 2008)
(en banc), pet. denied, 260 S.W.3d 462 (Tex. 2008).  Based on these
authorities, we hold that Kemp failed to preserve her constitutional
challenges.

Because Kemp failed to preserve her
constitutional complaints, and the evidence described in the hearing does not
present a substantial question for appellate review, we must summarily overrule
all four of appellant=s issues.  We affirm the trial
court=s section 263.405 order and its
order of termination.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.









[1]  See Tex. Fam. Code ' 263.405(g).





[2] After reversing a frivolousness finding, appellate
courts have generally ordered the parties to file briefs on the merits.  See
In re M.N.V., 216 S.W.3d 833, 835 (Tex. App.CSan Antonio 2006, no pet.), disp. on merits, 2007 WL 56605 (Tex.
App.CSan Antonio Jan. 10, 2007, no pet.) (mem. op.); In
re P.L.S., No. 02-04-00402-CV, 2006 WL 2309594, at *1 (Tex. App.CFort Worth Aug. 10, 2006, no pet.) (mem. op.). 
However, if an appellate court affirms a trial court=s frivolousness finding, the appellate court has
determined that each of the issues presented in the statement of points has no
arguable basis in law or in fact, i.e., the evidence is legally and factually
sufficient to support the trial court=s
ruling on those appellate points, and, therefore, warrant no further review.  See
In re S.T., 263 S.W.3d at 405B05. 






[3]  The Department supported its representation of the
facts supporting termination through argument of counsel and live testimony
from the caseworker assigned to the case.





[4]  In In re M.R.J.M., the Fort Worth court
addressed an argument that section 263.405 violated the separation of powers
clause of the Texas Constitution, contained in Article II, section 1, because
it prevented courts of appeals from reviewing the trial record in assessing factual
sufficiency challenges (factual sufficiency review being a court of appeals
power granted in Article V, section 6a of the Texas Constitution).  193 S.W.3d
670 (Tex. App.CFort Worth 2006, order).  The Fort Worth court
determined that section 263.405 did not violate the separation of powers clause
because it allows, specifically in subsection (g), for an appellate court to
issue Aappropriate orders@
when reviewing a trial court=s frivolousness
finding.  Id. at 675-76.  The court held:

 

Because the Aappropriate
orders@ language of section 263.405(g) recognizes our
authority to order the preparation of a record of all of the evidence in a
termination case when necessary to review a trial court=s determination that an appeal raising a factual sufficiency
complaint is frivolous, the statute does not interfere with our factual
sufficiency review power.  We, therefore, hold that the statute is not
unconstitutional under the separation of powers clause of the Texas
Constitution.

 

Id. at 676.  The court then ordered the preparation of a
complete trial record for sufficiency review purposes.  Id.  We find the
Fort Worth court=s resolution of the issue troubling.  If a parent
appealing from a termination of his or her rights can get a free record merely
by challenging the sufficiency of the evidence, section 263.405's frivolous
appeal limitations will be easily circumvented.  We decline to read a
generalized sentence about Aappropriate
orders@ to control the specific process set forth in the
section.  Cf. Tex. Gov=t Code ' 311.021 (providing that courts should not interpret
one portion of a statute so as to render another portion of the statute
meaningless).

We disagree with the Fort Worth court that
the M.R.J.M. result
Agives effect to the Legislature=s intent as evidenced by the plain
language of section 253.405.@  193 S.W.3d at 675.  In fact, the holding seems to
encourage just the opposite:  the Legislature=s intent to Aeliminate  frivolous appeals in termination cases, reduce
the costs associated with such appeals, and dispose of the appeals >with the least possible delay,=@ id., most surely would be
thwarted, not promoted.  We believe that any constitutional issue regarding our
authority to conclusively decide factual issues on appeal should be addressed
squarely, not sidestepped by liberal statutory interpretation, particularly
when such reading abrogates legislative intent.