# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

### NO. 03-09-00142-CV

=====

**Shawna Loehr, Appellant**

**v.**

**Texas Department of Family & Protective Services, Appellee**

=====

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 08-12,319, HONORABLE BENTON ESKEW, JUDGE PRESIDING

=====

## M E M O R A N D U M   O P I N I O N

Following a jury trial, the trial court rendered a final order terminating Shawna Loehr's parental rights to her minor children and awarding sole managing conservatorship to the Department of Family & Protective Services (the Department). Loehr timely filed a statement of points for appeal, *see* Tex. Fam. Code Ann. § 263.405(b)(2) (West Supp. 2005), a motion for new trial, *see id.* § 263.405(b)(1), and an affidavit of indigence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (West 2002); Tex. Fam. Code Ann. § 263.405(e); Tex. R. App. P. 20.1. Loehr also filed a notice of appeal from the termination order, which we docketed under Cause No. 03-09-00141-CV (the "main appeal").[1] The "thirty-day hearing" required by section 263.405(d) of the family code was held,[2] after which the trial court signed an order finding Loehr indigent,[3] denying

-----

[1] The main appeal remains pending.

[2] The reporter's record reflects that an oral hearing was held on March 3, 2009. At the conclusion of that proceeding, the trial court requested additional briefing on two of Loehr's points

her motion for new trial, and finding that each of Loehr's points for appeal was frivolous. The latter ruling has the effect of denying Loehr a free record in her main appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003; Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008).

In this cause, Loehr appeals the trial court's order finding her appeal frivolous. *See* Tex. Fam. Code Ann. § 263.405(g). She has been afforded, without advance payment of costs, a reporter's record of the thirty-day hearing and pertinent portions of the clerk's record, and both Loehr and the Department have filed briefs on the frivolousness issue. *See id*. Loehr brings two issues. In her first issue, Loehr argues that she should be entitled to a free record in her main appeal, notwithstanding the limitations of family code section 263.405. She similarly asserts that, once this record is obtained, her newly appointed appellate counsel should be permitted to pursue any additional appellate issues he identifies and should not be limited to those presented in her section 263.405(b)(2) appeal points, which were filed by Loehr's trial counsel. *See id.* § 263.405(i). In her second issue, Loehr asserts that the trial court abused its discretion in finding her appeal to be frivolous. Because the record in this proceeding reflects that the trial court abused its discretion in finding at least one of Loehr's appeal points frivolous, we sustain Loehr's second issue and reverse the trial court's order.

Loehr filed six points in her statement of points for appeal. We need only address her first:

_____

for appeal that we do not reach here. The briefs were filed on March 9. The trial court's order later reflected that the hearing was held "[o]n March 3, 2009, through March 10, 2009."

[3] Loehr's indigence was not contested.

The Texas Department of Family Protective Services (Department) made an improper and prejudicial jury argument. Specifically, the Petitioner introduced evidence over objection that pertained to an alleged sexual abuse incident between the Respondent Mother and her younger brother at least a decade before the alleged events Petitioner pled in the Affidavit attached to the Original Petition as reasons for removal; further Respondent Mother was not alleged to have conducted sexual abuse against her children. The inclusion of such an allegation had a prejudicial impact which far outweighed any probative value.[4]

Loehr presented a substantively identical ground in her new trial motion.[5]

We construe Loehr's point to fairly encompass two specific complaints: (1) that the trial court erred in admitting evidence "that pertained to an alleged sexual abuse incident between the Respondent Mother and her younger brother at least a decade before"; and (2) that the Department later made "an improper and prejudicial jury argument" concerning that alleged abuse.

---

[4] Loehr's second through sixth points asserted: (2) error relating to testimony presented by the executive director of Court Appointed Special Advocates (CASA) of Bastrop, the guardian ad litem for Loehr's children; (3) error relating to the representation of the children by their attorney ad litem; (4) error relating to admission of evidence that Loehr had failed to submit to required drug tests; (5) that "[t]he Department failed to meet its burden that termination of the parental rights of Shawna Loehr was in the best interests of each of the children"; and (6) that "[t]he Department failed to meet its burden that there was sufficient grounds for termination of [her] parental rights." In her second issue on appeal, Loehr challenges the trial court's frivolousness determinations as to all but her fourth statement point.

[5] Loehr asserted:

A new trial should be granted to Movant because the Texas Department of Family Protective Services (Department) made an improper and prejudicial jury argument. Specifically, the Petitioner introduced evidence over objection that pertained to an alleged sexual abuse incident between the Respondent Mother and her younger brother at least a decade before the alleged events Petitioner pled in the Affidavit attached to the Original Petition as reasons for removal; further Respondent Mother was not alleged to have conducted sexual abuse against her children. The inclusion of such an allegation had a prejudicial impact which far outweighed any probative value.

*See Adams v. Texas Dep't of Family & Protective Servs.*, 236 S.W.3d 271, 278 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* Tex. R. App. P. 38.1(f) ("[t]he statement of an issue or point will be treated as covering every subsidiary question that is fairly included"); *In re M.N.*, 262 S.W.3d 799, 801 (Tex. 2008) ("'It is our practice to construe points of error liberally in order to adjudicate justly, fairly and equitably the rights of the litigants.'") (quoting *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990)); *cf. id.* at 801-04 (holding that appellate rules permitting extensions of time applied to section 263.405(b)'s deadline for filing statement of points, in absence of indication that legislature intended to prohibit them). The Department does not dispute that Loehr's statement of points for appeal preserved her complaint regarding the trial court's admission of the sexual abuse evidence.[6]

On appeal, Loehr does not dispute that her complaint about the jury argument was frivolous,[7] but challenges only the trial court's determination that her evidentiary complaint was frivolous. In determining whether a point for appeal is frivolous, a trial court considers "whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem.

---

[6] On March 9—after the fifteen-day period for filing a statement of points for appeal but still within the court's deadline to hold its thirty-day hearing—Loehr filed a "First Amended Statement of Points." In this document, in addition to adding some new arguments that were not stated as points, Loehr eliminated the reference in her first point to improper jury argument, thus clarifying that it pertained solely to her evidentiary complaint. On March 19, after the trial court signed its order on the thirty-day hearing, the Department filed an "Objection to Late Filed First Amended Statement of Points." There is no indication in our record whether the trial court took any action with respect to Loehr's attempt to amend her points for appeal, nor any that the court ever ruled on the Department's objections. We need not address the validity or implications of Loehr's amended points for appeal because we conclude that her original points preserved her evidentiary complaint.

[7] Loehr's trial counsel conceded during the thirty-day hearing that he did not object to or otherwise preserve error concerning the jury argument.

Code Ann. § 13.003(b). In other words, an appeal point is frivolous "when it lacks an arguable basis either in law or in fact." *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 527 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.)). Appellate courts review a trial court's determination of frivolousness under an abuse of discretion standard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.); *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.); *In re H.D.H.*, 127 S.W.3d 921, 923 (Tex. App.—Beaumont 2004, no pet.); *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Lumpkin*, 260 S.W.3d at 527 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

Although our record does not include a reporter's record from the portion of trial in which the complained-of evidence was presented, there is no dispute that the Department, in fact, introduced evidence at trial regarding an incident of sexual abuse allegedly involving Loehr and own brother several years earlier. The Department's petition to terminate Loehr's parental rights is also in our record, and it reflects that, as Loehr claims, the Department did not allege that Loehr had ever sexually abused her children. During the hearing, the Department claimed that it had presented the evidence not to establish "a risk that she would perpetrate but that she might acquiesce to a male paramour." When addressing the issue in connection with Loehr's motion for new trial, the trial court confirmed that the evidence had little, if any, probative value with respect to any material issues at trial.

The trial court recounted that, in a pretrial hearing, "the Department . . . asked for a further—for a further restriction on the rights of the parents . . . based on those allegations, and I didn't let that go anywhere. So I was a little surprised that they brought it up but I didn't let it go anywhere then because I didn't believe it had anything to do with this case." When the Department later resurrected the issue at trial, the court explained, it nonetheless admitted the evidence, notwithstanding its scant probative value, in its belief that the evidence was so far-removed from the real issues in the case that it would actually backfire on the Department and help Loehr:

> . . . no offense to [the Department's trial counsel] . . . and I'm not trying to substitute my judgment for the jury's here but they put on that evidence, and to me, not only was it not prejudicial to your [Loehr's] side, I believe it almost ruined their [the Department's] case. If I could have pointed to any one thing that would have made the jury not decide to terminate it was the fact that they put on that evidence. I, in watching it, in watching the momentum of the case, believe that they had all the momentum until they started putting on that evidence. And I believed that the evidence was so—lacking in any kind of substantial proof, and it did so badly, for me to think that if the State really was going to go forward and using this evidence, that they might not have—if they felt like they had to rely on that, they were going to lose.
>
> And not only did I not believe it but I believe the jury didn't believe it. So I don't believe that it was prejudicial, I think it was unwise to have brought it up. Because I believe that the jury didn't buy into it. I believe that might be a point of—that a Court of Appeals could take up, to see if it did. I don't believe it was prejudicial so I certainly don't believe that the prejudicial effect outweighed anything, I just believed that when I saw that testimony I didn't think that it should have, or could have had any part in the case. . . . So I didn't buy into it, I don't think that the jury bought into it. I wouldn't make the ruling that it had any prejudicial effect whatsoever but in fact helped your client.

The trial court concluded this discussion, "But I wouldn't say that it's a frivolous point that a Court of Appeals couldn't take up." The court then overruled this ground for a new trial.

6

The trial court's concluding observation is not, strictly speaking, a finding that Loehr's evidentiary complaint is not frivolous; what we must review is the court's written order holding that this complaint, as presented in Loehr's statement of points on appeal, *is* frivolous.[8] We nonetheless note the trial court's observation because it was correct. The record demonstrates that Loehr's evidentiary point has a factual basis—the trial court, in fact, admitted evidence of past sexual abuse involving Loehr and her brother that had little, if any, connection to the Department's termination suit. Loehr's evidentiary complaint also has a legal basis—such evidence tends to have an extreme prejudicial impact that can give rise to reversible error when admitted. *See* Tex. R. Evid. 403; *Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002); *Kirby v. State*, 208 S.W.3d 568, 572-75 (Tex. App.—Austin 2006, no pet.). On this record, we can conclude only that Loehr's complaint presents a substantial question for appellate review. It was not frivolous.

We hold that the trial court abused its discretion in holding that Loehr's evidentiary complaint was frivolous. Consequently, Loehr is entitled to proceed in her main appeal with a record that is free of charge to her. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003; Tex. Fam. Code Ann. § 263.405(d)(3). We sustain Loehr's second issue, and need not address Loehr's contentions regarding her other points in her statement of points for appeal. *See* Tex. R. App. P. 47.1. Similarly, we need not reach Loehr's contentions in her first issue that she is entitled to a free record regardless of section 263.405's limitations. As for Loehr's assertion that she should be permitted to raise additional issues that her appellate counsel might later identify once he can

---

[8] The record suggests that the trial court's somewhat inconsistent view of the same complaint when presented in Loehr's appeal points may have resulted from a misunderstanding that the point complained only of improper jury argument and not about admission of the sexual abuse evidence.

review the record, it is not cognizable in this appeal, which is limited to the frivolousness issue. *See* Tex. Fam. Code Ann. § 263.405(g); *Lumpkin*, 260 S.W.3d at 526.

We reverse the trial court's order determining Loehr's appeal to be frivolous and order that the main appeal proceed on the merits. *See D.R. v. Texas Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 602 (Tex. App.—El Paso 2008, no pet.). This decision is not a final determination on the merits of Loehr's main appeal.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed

Filed: July 22, 2009

8