**Opinion filed March 5, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00152-CV

_____

## IN THE INTEREST OF M.W.C, JR.; M.C.; & E.P., CHILDREN

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM-42,150**

### MEMORANDUM OPINION

The trial court terminated L.C.'s parental rights, and she perfected an appeal.[1]  L.C. filed a statement of points for appeal as required by TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). The trial court determined that L.C. did not present a substantial question for appeal and found that the appeal on the merits was frivolous pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002).  L.C. has perfected this appeal challenging the trial court's findings that her appeal on the merits was frivolous.  We affirm.

*Issue on Appeal*

In her sole issue on appeal, L.C. contends that the trial court abused its discretion when it found her appeal on the merits to be frivolous.  L.C. brought both legal and factual sufficiency

_____

[1]The appeal on the merits is our Cause No. 11-09-00126-CV.  That appeal has been abated pending the disposition of the present appeal.

challenges to the evidence. L.C. argues that the trial court specifically erred when it did not review all of the evidence introduced at the underlying bench trial.

*Applicable Law*

A. Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 263.405.

Section 263.405(b) provides that, within fifteen days from the date the trial court enters its final order, the appealing party must file a statement of points that the party intends to pursue on appeal. Section 263.405(d) requires:

> The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether:
>
> (1) a new trial should be granted;
>
> (2) a party's claim of indigence, if any, should be sustained; and
>
> (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code.

B. *Tex. Civ. Prac. & Rem. Code § 13.003.*

Section 13.003 addresses when a court reporter and the clerk of the trial court shall provide the appellate record without cost. Section 13.003(b) states that "[i]n determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review."

C. *Frivolous appeal finding and appellate review.*

An appeal is frivolous under Section 263.405(d) and Section 13.003 when the trial court determines that it lacks an arguable basis in law or in fact. *D.R. v. Tex. Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 602 (Tex. App.—El Paso 2008, no pet.); *In re M.N.V.*, 216 S.W.3d 833 (Tex. App.—San Antonio 2006, no pet.); *In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.— Fort Worth 2006, no pet.); *In re H.D.H.*, 127 S.W.3d 921, 923 (Tex. App.—Beaumont 2004, no pet.). At this stage, appellate review is limited to a review of the trial court's exercise of its discretion in determining that the appeal is frivolous. *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no pet.); *Lumpkin v. Dep't of Family & Protective* Servs., 260 S.W.3d 524, 526-27 (Tex.

App.—Houston [1st Dist.] 2008, no pet.); *K.D.*, 202 S.W.3d at 865. This determination is made based on the record before the appellate court. *H.D.H.*, 127 S.W.3d at 924.

*Record Before This Court*

The record before this court consists of the clerk's record; the reporter's record from the hearing to determine whether L.C. was indigent and whether the appeal was frivolous; and the supplemental reporter's record containing the eight-page affidavit of Adriana Mendoza, the investigator/caseworker for the three children who are the subject of these proceedings. Mendoza's affidavit was admitted without objection and contains a detailed summary of the evidence presented at the termination hearing. At the hearing regarding whether the appeal was frivolous, the trial court took judicial notice of all of the testimony presented at the termination proceedings. The record reflects that the same trial court presided over both the termination proceedings and this hearing and that no objection was raised.

In her affidavit, Mendoza states that she was the representative for the Texas Department of Family and Protective Services at the termination hearing and that she was present for the entire proceedings. The three children involved in this case were under the age of five. Mendoza detailed the testimony regarding L.C.'s twenty-year history with the Department, how she had seven children with six different men, how her four older children had been placed in foster care and her parental rights had been terminated, and how the Department removed the youngest of her children at the time of his birth.

Mendoza described L.C.'s difficultly keeping her home clean and how the home was unsanitary. There was trash, rotting food, and broken furniture in piles on the floor. Although L.C. had no pets, there was a strong odor of urine, and feces was found on the floor.

Mendoza also described L.C.'s difficulties providing the children a safe and stable home environment. During the investigation, L.C. acknowledged that her home was a safety hazard for the children. L.C. testified that she had been in five or six violent relationships. One of the three children involved in this case was soaked in urine and had cigarette burns on her arm at the time she was removed. L.C. also testified that she had completed a substance abuse assessment and substance abuse counseling and that she would now test clean. She acknowledged that in the past she had had a terrible attitude and that the people that she allowed to stay with her refused to help her with expenses. Mendoza detailed L.C.'s failure to comply with various family service plans.

All three children were thriving in foster care, all three had bonded with their foster parents, and their foster parents wanted to adopt them. The youngest child, who had been removed at birth, was ahead developmentally. The two older children involved in this case suffered social, developmental, and academic delays. They had boundary and self control issues. Both could become physically violent toward themselves and others. Since their placement in foster care, both were noticeably calmer. The service providers gave guarded prognosis for the older children and recommended that they remain in their current environments and continue current therapies.

Mendoza further detailed L.C.'s testimony concerning her desire to keep her children and her goals to keep her home safe for them. L.C. stated that she knew she had made mistakes and that she was not going to make mistakes in the future if her children were returned to her. L.C. requested visitation if the court ordered the children to remain in foster care.

Mendoza also detailed testimony of three witnesses who acknowledged that L.C. had made bad decisions in the past but was showing improvement.

*Points on Appeal and the Trial Court's Findings*

L.C. filed specific points on appeal challenging the legal and factual sufficient of the evidence for each of the grounds that the trial court based its decision to terminate. Likewise, the trial court entered very specific findings of fact and conclusions of law concerning its decision to terminate.

*This Court's Holding*

Unlike the case of *In re S.T.*, 263 S.W.3d 394 (Tex. App.—Waco 2008, no pet.), L.C.'s points are not too general as to be inadequate. Unlike the case of *In re A.S.*, 239 S.W.3d 390 (Tex. App.—Beaumont 2007, no pet.), there is sufficient evidence in the record before this court to enable us to review the trial court's determination that the appeal is frivolous.

Having reviewed the entire record including the trial court's detailed findings of fact and conclusions of law, we do not find that the trial court abused its discretion in determining that L.C.'s appeal is frivolous because it lacks an arguable basis in law or in fact. L.C.'s issue is overruled.

The order of the trial court is affirmed.

PER CURIAM

March 5, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4