Opinion filed March 5,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

           Eleventh Court of Appeals

                                                                  ___________

 

                                                           No. 11-09-00152-CV

              __________

 

           IN THE INTEREST OF M.W.C, JR.; M.C.; & E.P.,
CHILDREN

 



 

                                         On
Appeal from the 318th District Court

                                            Midland
County, Texas

                                                Trial
Court Cause No. FM-42,150

 



 

                                           M E M O R A N D
U M   O P I N I O N

The trial court terminated L.C.=s parental rights, and she
perfected an appeal.[1]  L.C. filed a
statement of points for appeal as required by Tex.
Fam. Code Ann. '
263.405(b) (Vernon 2008).  The trial court determined that L.C. did not present
a substantial question for appeal and found that the appeal on the merits was
frivolous pursuant to Tex. Civ. Prac.
& Rem. Code Ann. '
13.003(b) (Vernon 2002).  L.C. has perfected this appeal challenging the trial
court=s findings that
her appeal on the merits was frivolous.  We affirm.

                                          Issue
on Appeal








In her sole issue on appeal, L.C. contends
that the trial court abused its discretion when it found her appeal on the
merits to be frivolous.  L.C. brought both legal and factual sufficiency
challenges to the evidence.  L.C. argues that the trial court specifically
erred when it did not review all of the evidence introduced at the underlying
bench trial.

                                                                  Applicable
Law

A.  Tex.
Fam. Code '
263.405.

Section 263.405(b) provides that, within
fifteen days from the date the trial court enters its final order, the
appealing party must file a statement of points that the party intends to
pursue on appeal.  Section 263.405(d) requires:  

 The trial court shall hold a hearing not later than the 30th
day after the date the final order is signed to determine whether:

 

(1) a new trial should be granted;

 

(2) a party=s
claim of indigence, if any, should be sustained;  and

 

(3) the appeal is frivolous as provided by Section 13.003(b),
Civil Practice and Remedies Code.

 

B.  Tex. Civ. Prac. & Rem. Code ' 13.003.

Section 13.003 addresses when a court
reporter and the clerk of the trial court shall provide the appellate record
without cost.  Section 13.003(b) states that A[i]n
determining whether an appeal is frivolous, a judge may consider whether the
appellant has presented a substantial question for appellate review.@

C.  Frivolous appeal finding and
appellate review.








An appeal is frivolous under Section
263.405(d) and Section 13.003 when the trial court determines that it lacks an
arguable basis in law or in fact.  D.R. v. Tex. Dep=t of Family &
Protective Servs., 281 S.W.3d 598, 602 (Tex. App.CEl Paso 2008, no pet.); In
re M.N.V., 216 S.W.3d 833 (Tex. App.CSan
Antonio 2006, no pet.); In re K.D., 202 S.W.3d 860, 866 (Tex. App.C Fort Worth 2006, no pet.);
In re H.D.H., 127 S.W.3d 921, 923 (Tex. App.CBeaumont 2004, no pet.).  At this stage,
appellate review is limited to a review of the trial court=s exercise of its
discretion in determining that the appeal is frivolous.  In re A.B., 269
S.W.3d 120, 124 (Tex. App.CEl
Paso 2008, no pet.); Lumpkin v. Dep=t
of Family & Protective Servs., 260 S.W.3d 524, 526-27 (Tex. App.CHouston [1st Dist.] 2008,
no pet.); K.D., 202 S.W.3d at 865.  This determination is made based on
the record before the appellate court.  H.D.H., 127 S.W.3d at 924.

                                                          Record
Before This Court

The record before this court
consists of the clerk=s
record; the reporter=s
record from the hearing to determine whether L.C. was indigent and whether the
appeal was frivolous; and the supplemental reporter=s record containing the eight-page affidavit
of Adriana Mendoza, the investigator/caseworker for the three children who are
the subject of these proceedings.  Mendoza=s
affidavit was admitted without objection and contains a detailed summary of the
evidence presented at the termination hearing.  At the hearing regarding
whether the appeal was frivolous, the trial court took judicial notice of all
of the testimony presented at the termination proceedings.  The record reflects
that the same trial court presided over both the termination proceedings and
this hearing and that no objection was raised.

In her affidavit, Mendoza states that she
was the representative for the Texas Department of Family and Protective
Services at the termination hearing and that she was present for the entire
proceedings.  The three children involved in this case were under the age of
five.   Mendoza detailed the testimony regarding L.C.=s twenty-year history with the Department, how
she had seven children with six different men, how her four older children had
been placed in foster care and her parental rights had been terminated, and how
the Department removed the youngest of her children at the time of his birth. 

Mendoza described L.C.=s difficultly keeping her
home clean and how the home was unsanitary.  There was trash, rotting food, and
broken furniture in piles on the floor.  Although L.C.  had no pets, there was
a strong odor of urine, and feces was found on the floor.

Mendoza also described L.C.=s difficulties providing
the children a safe and stable home environment.  During the investigation,
L.C. acknowledged that her home was a safety hazard for the children.   L.C.
testified that she had been in five or six violent relationships.  One of the
three children involved in this case was soaked in urine and had cigarette
burns on her arm at the time she was removed.  L.C.
also testified that she had completed a substance abuse assessment and
substance abuse counseling and that she would now test clean.  She acknowledged
that in the past she had had a terrible attitude and that the people that she
allowed to stay with her refused to help her with expenses.  Mendoza detailed
L.C.=s failure to comply with various family service
plans.








 All three
children were thriving in foster care, all three had bonded with their foster
parents, and their foster parents wanted to adopt them. The youngest child, who
had been removed at birth, was ahead developmentally.  The two older children
involved in this case suffered social, developmental, and academic delays. 
They had boundary and self control issues.  Both could become physically
violent toward themselves and others.  Since their placement in foster care,
both were noticeably calmer.  The service providers gave guarded prognosis for
the older children and recommended that they remain in their current
environments and continue current therapies.  

Mendoza
further detailed L.C.=s testimony concerning her desire to keep her
children and her goals to keep her home safe for them.  L.C. stated that she
knew she had made mistakes and that she was not going to make mistakes in the
future if her children were returned to her.  L.C. requested visitation if the
court ordered the children to remain in foster care.

Mendoza
also detailed testimony of three witnesses who acknowledged that L.C. had made
bad decisions in the past but was showing improvement.

                                    Points
on Appeal and the Trial Court=s Findings

L.C. filed
specific points on appeal challenging the legal and factual sufficient of the
evidence for each of the grounds that the trial court based its decision to
terminate.  Likewise, the trial court entered very specific findings of fact
and conclusions of law concerning its decision to terminate.

                                                            This
Court=s Holding

Unlike the
case of In re S.T., 263 S.W.3d 394 (Tex. App.CWaco 2008, no pet.), L.C.=s  points are not too general as to be inadequate. 
Unlike the case of In re A.S., 239 S.W.3d 390 (Tex. App.CBeaumont 2007, no pet.), there is sufficient evidence in the record
before this court to enable us to review the trial court=s determination that the appeal is frivolous.

Having
reviewed the entire record including the trial court=s detailed findings of fact and conclusions of law, we do not find that
the trial court abused its discretion in determining that L.C.=s appeal is frivolous because it lacks an arguable basis in law or in
fact.  L.C.=s issue is overruled.  

The order
of the trial court is affirmed.

 

PER CURIAM

March 5, 2010

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.









[1]The appeal on the merits is our Cause No.
11-09-00126-CV.  That appeal has been abated pending the disposition of the
present appeal.