Opinion filed April 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00288-CV

                                                    __________

 

                          IN
THE INTEREST OF G.M.R., A CHILD



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                                 Trial
Court Cause No. B-2810-PC

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

G.M.R.
was born in December 2007.  In August 2008, the Texas Department of Family and
Protective Services was named temporary managing conservator.  Her mother
executed an irrevocable affidavit of relinquishment of her parental rights. 
After a bench trial, the trial court terminated the parental rights of both
G.M.R.’s mother and father.  The father filed a statement of points for appeal
as required by Tex. Fam. Code Ann.
§ 263.405(b) (Vernon 2008) challenging both the legal and factual sufficiency of
the evidence to support each ground for termination.  The trial court found that any appeal was frivolous
pursuant to Tex. Civ. Prac. & Rem.
Code Ann. § 13.003(b) (Vernon 2002).  The father challenges both the
trial court’s finding that his appeal is frivolous and the termination of his
parental rights.  We affirm.       




 

In
his first issue, the father contends that the trial court abused its discretion
when it found that his appeal was frivolous.  An appeal is frivolous under Tex. Fam. Code Ann. § 263.405(d) (Vernon
2008) and Section 13.003(b) when the trial court determines that it lacks an
arguable basis in law or in fact.  D.R. v. Tex. Dep’t of Family &
Protective Servs., 281 S.W.3d 598, 602 (Tex. App.—El Paso 2008, no
pet.); In re M.N.V., 216 S.W.3d 833 (Tex. App.—San Antonio 2006, no
pet.); In re K.D., 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no
pet.); In re H.D.H., 127 S.W.3d 921, 923 (Tex. App.—Beaumont 2004, no
pet.).  At this stage, appellate review is limited to a review of the trial
court’s exercise of its discretion in determining that the appeal is
frivolous.  In re A.B., 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no
pet.); Lumpkin v. Dep’t of Family & Protective Servs., 260 S.W.3d
524, 526-27 (Tex. App.—Houston [1st Dist.] 2008, no pet.); K.D., 202
S.W.3d at 865.  This determination is made based on the record before the
appellate court.  H.D.H., 127 S.W.3d at 924.

The
record before this court consists of the clerk’s record, the supplemental
clerk’s record, and the reporter’s record from both the trial on the merits and
the hearing on the father’s points for appeal.  At the hearing, the trial court
took judicial notice of the affidavit of Wendy Duran, which was attached to the
State’s response to the father’s motion for new trial.  The trial court entered
detailed findings of fact, which are included in the clerk’s record.  The record
reflects that the same trial judge presided over the trial to terminate and the
hearing on the father’s points on appeal.

The
mother testified that the father was physically abusive.  She described how he
abused illegal drugs and would drink.  The drugs and alcohol would make him
more aggressive.  She described the father as “always angry.”  The father often
hit her when he drank.  One time, he hit their child when he was trying to hit
her.  The mother testified that the father would threaten to hurt her and those
she cared about if she left him.  He also told her that, if she left him, he
would have more rights to their child.

The
father did not support the child but would ask his father (the child’s
grandfather) for money to support the child.  She stated that, when he did not
drink, he was calm and nice.  However, he had never bonded with their child.

The
mother testified that she took their child and went to a battered women’s
shelter in order to protect their child.  The department had already removed
the child from her custody when she returned to the father.  She stated that
she returned because he had told her that he had changed.  However, the father
choked her and caused injuries to her neck that were similar to injuries as if
she had been in a car wreck.  She was treated in a hospital for these
injuries.  After this incident, she obtained a protective order against the
father.

The
mother stated that she was relinquishing her parental rights because she
believed it was in the child’s best interest.  She stated that neither she nor
the father could provide the child with a stable home.

Teri
Valero, a licensed professional counselor, testified that she was alarmed at
the father’s anger.  He told her that he “wanted the anger” and that he “wanted
revenge on the situation.”  He was easily frustrated, very self-centered, and
told her that he liked “to be spoiled.”  Valero stated that the father’s
attitude and anger was “unusual” and that he was dangerous. Although he was
approved for eight units of therapy, he only appeared for one.

Valero
had observed the father’s interactions with the child.  The child did not
respond to her father, and he was not nurturing toward her.  Valero observed no
bond whatsoever between the two.

            Wendy
Duran, a caseworker with the department, testified that the department first
became involved with the child shortly after her birth due to concerns of
physical neglect and the condition of the home.  The department again became
involved in March 2008.  The child had been left in the father’s pickup unattended. 
Duran investigated the inside of the home and found that it was dirty and
unsafe.  The father was uncooperative and would not answer questions.

            In
the summer of 2008, the department received approval for the emergency removal
of the child.  The child was not placed with the father because of the previous
concerns as well as concerns about domestic violence.  Duran described how both
parents were offered services and how both failed to complete the plans to have
the child returned to them.  The father did not maintain steady employment, did
not complete counseling, and did not follow the recommendations suggested as a
result of a drug and alcohol assessment.  He visited the child only seven of
the scheduled thirty-two times.  He often tested positive for alcohol.  When
the father did visit the child, Duran observed no bond between them.

            The
father testified that the mother of their child was “childlike” and that he
would get frustrated with her.  He stated that he was not “qualified” to handle
someone like her.  She would try to scratch his face, and he would restrain
her.  He stated that she was not demanding, just “extremely playful” and
“childlike.”  He pushed her twice but neither time was she holding their child.

            He
stated that his plan was for the child to remain in foster care until the
protective order expired in about a year.  At that time, he thought that she
could come live with him.  He disagreed with Valero’s statements that he was
very angry and had a quick temper.  He stated that he did have a quick temper
with the mother.  He denied ever hitting the mother or their child and denied
drinking excessively.  He asserted his Fifth Amendment rights when asked about
his arrest the week before trial for robbery and evading arrest.

            The
father has not established that the trial court abused its discretion in
determining that this appeal was frivolous.  The record before this court
supports the trial court’s conclusion that the points on appeal lacked arguable
basis in law or in fact.  The first issue is overruled.

            Because
we have found that the trial court did not err in determining that the appeal
was frivolous, we do not reach the second issue that challenges the merits of
the order terminating the father’s parental rights.

            The order of the trial
court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 22, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.