**In the Interest of W.B.W., Jr., a Minor Child.**

**No. 04–98–00502–CV.**

Court of Appeals of Texas, San Antonio.

June 30, 1999.

---

1. In light of our holding, we do not reach the remainder of the issues presented on appeal.

Rebecca Fe de Montreve-McMinn, Rebecca Fe de Montreve-McMinn, P.C., San Antonio, for appellant.

Marsha Lynn Merrill, Robert David Behrens, Robert D. Behrens, Enrico B. Valdez, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice.

1. Pearson timely complied with Tex.R. Civ. P.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

The trial court terminated the parental rights of Dawn Pearson. On appeal, Pearson contends the trial court reversibly erred by denying her a jury trial. We agree.

On January 14, 1997, Pearson filed a jury demand; and, on May 14, she paid the jury fee.[1] At 9:30 a.m. on November 17, the case was called to trial. Pearson did not personally appear, although her attorney was present. The court reset the case until 1:30 p.m., at which time it learned that Pearson would not be coming to court "because of the weather" and possible transportation problems. The court then reset the case until 9:30 the next morning, but Pearson did not appear. At 10:40 a.m., over counsel's objection, the trial court decided to proceed without a jury. Pearson did not appear until the fourth day of trial.

We review the trial court's denial of a jury demand with the abuse of discretion standard. *Mèrcedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). A trial court may deny a jury demand when "a party" fails to appear for trial. Tex.R. Civ. P. 220. "[F]or purposes of Rule 220, a party, although not personally present, appears for trial when his attorney is present." *Rainwater v. Haddox*, 544 S.W.2d 729, 732 (Tex.Civ.App.— Amarillo 1976, no writ); *see also Maldonado v. Puente*, 694 S.W.2d 86, 89 (Tex. App.—San Antonio 1985, no pet.) (finding jury waived when both party and attorney appeared late); *Hall v. C–F Employees Credit Union*, 536 S.W.2d 266, 267 (Tex. Civ.App.—Texarkana 1976, no writ) (finding jury waived when both party and attorney failed to appear).

Because Pearson's lawyer timely appeared for trial and objected to the non-jury setting, Pearson did not waive her right to trial by jury. The trial court,

216.

therefore, abused its discretion in denying Pearson a jury trial. Because this case involves several disputed fact issues, we must reverse the trial court's judgment. *See Rhyne*, 925 S.W.2d at 667. We remand the cause for proceedings consistent with this opinion.