**In the Interest of M.N.V., et. al., Children.**

No. 04–05–00894–CV.

Court of Appeals of Texas, San Antonio.

Sept. 13, 2006.

Manuel C. Rodriguez, Jr., San Antonio, for appellant.

Joel G. Richardson, Enrico B. Valdez, Asst. Crim. Dist. Atty., Irene Vela Cadena, San Antonio, for appellee.

Sitting: CATHERINE STONE, SARAH B. DUNCAN and REBECCA SIMMONS, Justices.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

Lorraine Vasquez appeals the trial court's determination that an appeal of the order terminating her parental rights to her three minor children would be frivolous. In doing so, Vasquez claims the trial court abused its discretion when it overruled her attorney's announcement of not ready, struck her jury demand, and immediately proceeded to a bench trial. Unable to determine whether there was an arguable basis in law or fact that there was harm in the trial court's denial of Vasquez's jury trial demand, we ordered a production of the reporter's record. Having reviewed the record, we conclude that Vasquez's sole point of error relating to her jury demand is not frivolous.

### BACKGROUND

The children subject to this lawsuit are M.N.V., M.S.V., and C.G. The Petitioner, the Texas Department of Family and Protective Services (Department), filed an Original Petition for the Protection of a Child, for Conservatorship, and for Termination in a Suit Affecting the Parent–Child Relationship on June 7, 2004. As a result of a Chapter 262 Adversarial Hearing, the trial court granted the Department temporary management conservatorship of M.N.V. and M.S.V. on June 16, 2004. Subsequently, the trial court granted the Department temporary managing conservatorship of C.G. on October 5, 2004, approximately one week after C.G. was born.

The first trial was held on September 12, 2005. Vasquez did not appear for the start of the trial. Much like the situation in the second trial, the trial court denied Vasquez's request for a jury trial and proceeded with a bench trial. At the end of the trial, the trial court terminated Vasquez's parental rights to all three children. All of the alleged fathers' parental rights were also terminated. On October 7, 2005, however, the trial court granted Vasquez's motion for new trial.

That same day, Vasquez paid the jury demand fee for her new trial scheduled for November 7, 2005. On November 7, 2005, although represented by counsel, Vasquez did not appear for the new trial. Vasquez's counsel announced not ready. The trial court struck the jury trial request over the objection of counsel for Vasquez and proceeded with a bench trial during which it terminated Vasquez's parental rights to all three children. The trial court held a hearing on Vasquez's motion for new trial on December 8, 2005—a hearing at which Vasquez failed to appear and for which her counsel also announced not ready. On December 18, 2005, the trial court denied Vasquez's motion for new trial and found her proposed appellate points frivolous. This appeal ensued.

### FRIVOLOUS

Under Section 263.405 of the Family Code, a trial court may determine an indigent party's appeal from a termination order is frivolous as provided by Texas Civil Practice and Remedies Code Section 13.003(b). TEX. FAM.CODE ANN. § 263.405(d)(3) (Vernon 2002).

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In the Interest of W.B.W.*, 2 S.W.3d 421, 422 (Tex. App.-San Antonio 1999, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.-San Antonio 1998, no pet.). In deter-

mining whether an appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial question for appellate review. TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM.CODE ANN. § 263.405(d)(3) (Vernon 2002). We must, therefore, determine whether an appeal challenging the trial court's denial of Vasquez's jury trial request would have an arguable basis in law or in fact.

■■■ "[F]or purposes of Rule 220, a party, although not personally present, appears for trial when his attorney is present." *W.B.W.*, 2 S.W.3d at 422. Here, counsel for Vasquez was present, announced not ready and stated he was "proceeding on the instructions of [his] client" as to the jury trial request. As a result, Vasquez presents at least an arguable basis that the trial court erred in relying on Rule 220 to deny Vasquez's request for a jury trial. Although the trial court states that it struck the jury trial setting due only in part to Vasquez's repeated absences, we find no other rule or guiding principle to justify the trial court's actions. Consequently, we hold that there is an arguable basis that the trial court erred in denying Vasquez's right to a jury trial. *See In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.-San Antonio 2002, no pet.) (stating "[a] judge abuses her discretion if she acts without reference to any guiding rules or principles, . . . .").

■ "A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex.1991). In order to terminate the parental rights of Vasquez the trial court needed to find by clear and convincing evidence one of the acts enumerated in Section 161.001 of the Family Code and that termination is in the best interest of the child. TEX. FAM.CODE ANN. § 161.001(1), (2) (Vernon 2002). According to the trial court's findings of fact and conclusions of law Vasquez's actions or omissions fulfilled at least two statutory grounds under Section 161.001. *See* TEX. FAM.CODE ANN. § 161.001(1)(O),(P) (Vernon 2002).

Nonetheless, we conclude that Vasquez has an arguable basis that material issues of fact exist as to the best interest determination of the children. At trial Vasquez's counsel stated that "[Vasquez] has maintained a position that she does not want her parental rights terminated." Further, there was testimony that Vasquez was required to fulfill a family service plan in order to reacquire her children, which she had in part completed. Despite evidence of drug abuse, Elizabeth Tofani, the caseworker for Child Protective Services, testified that for the last ten months Vasquez had not tested positive for illegal drug use.

While there is significant testimony that Vasquez lacks parenting skills and that at one point abused drugs, we conclude that there is an arguable basis that material issues of fact exist as to the best interest of the children determination. On these facts, we hold that the trial court abused its discretion in finding Vasquez's appellate point, relating to her jury trial demand, frivolous.

Because Vazquez's appellate point with regard to the jury demand is not frivolous, the appellant's brief is due twenty days after the issuance of this opinion. The appellee's brief is due twenty days after the appellant files her brief.

Dissenting opinion by SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice, dissenting.

To be non-frivolous, an appeal must present an arguable basis for finding reversible error. *See De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.-San Antonio 1998, order). The wrongful denial of a jury trial is reversible error only if "the case contains material fact questions." *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996). Appellant does not argue, and the record does not reflect, that this case contains a material fact question. Indeed, the record cannot possibly contain a material fact question since appellant does not even argue the trial court erred in finding grounds for termination and that termination would be in the children's best interest. Because the trial court's unchallenged findings establish both the grounds for termination and that termination is in the children's best interest, appellant's argument that the trial court erred in denying her a jury trial is necessarily frivolous. I therefore dissent to the majority's order to the contrary.