Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★                                        ★ ★ ★



# MEMORANDUM OPINION

No. 04-08-00037-CV

## IN THE INTEREST OF K.M. and J.O., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-00004
Honorable Charles Montemayor, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   July 30, 2008

AFFIRMED

This is an accelerated appeal concerning the trial court's termination of Kerry M.'s parental

rights to her children, K.M. and J.O., and the trial court's termination of Paul H.'s parental rights

to his daughter, K.M.[1]  Both Kerry M. and Paul H. appeal the trial court's order finding their

appellate points to be frivolous. We affirm.

### KERRY M.'S PARENTAL RIGHTS

Although Kerry M. was found to be indigent by the trial court, her appellate points were

determined to be frivolous. *See* TEX. FAM. CODE ANN. § 263.405(d) (Vernon Supp. 2007). On

---

[1]To protect the privacy of the parties in this case, we identify the children by their initials and the parents by their first names only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2002).

appeal, Kerry M. argues that the trial court erred in determining that her appellate point regarding factual sufficiency of the best interest finding was frivolous. We disagree.

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *Id.* In considering whether an appeal is frivolous, the trial court considers whether the appellant has presented a substantial question for appellate review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM. CODE ANN. § 263.405(d)(3) (Vernon Supp. 2007).

Kerry M. argues that the trial court abused its discretion because "the only evidence relating to the best interests of the children was provided by the Texas Department of Protective and Regulatory Services worker who came onto the case on September 19, 2007, just two months before trial." We disagree that this was the only evidence presented relating to the children's best interest.

In considering whether termination is in the best interest of the children, the trial court may consider several factors, including but not limited to the following: the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parenting abilities of the individual seeking custody, the stability of the home or proposed placement, the parent's acts or omissions that indicate whether the existing parent-child relationship is a proper one, and any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

At trial, Kerry M. testified that her children were initially removed from her care because her son, J.O., tested positive for marijuana at birth. She further testified that she was on probation for assaulting her mother and, at the time of trial, had been in jail for two months on a motion to revoke her probation. The basis of the motion to revoke was her testing positive for marijuana and

cocaine. Further, Kerry M. admitted to having had used illegal drugs while under the trial court's order to engage in services with the Department of Protective and Regulatory Services. And, Kerry M. admitted that although she received a certificate for completing a six-month out-patient treatment program, she had used illegal drugs during her participation in the program. Indeed, the positive drug test that led to her motion to revoke occurred the week before she completed the outpatient program. Kerry M. also admitted to using cocaine around the time of August 28, 2007, when she was involved in an altercation with J.O.'s father. This altercation occurred a mere six days after she completed anger management classes. In explaining the incident, Kerry M. denied assaulting J.O.'s father and claimed that he assaulted her.

In addition to her admitted continued illegal drug use, Kerry M. acknowledged that she was currently unable to provide a safe and stable environment for K.M. and J.O. She testified that she would remain in jail for at least a few months because, as part of the motion to revoke, she was being ordered to complete a program that lasts three months. In addition to the three-month duration of the program, there was testimony that it can take several months before a spot in the program becomes available. Thus, it could be many months before Kerry M. would be able to provide any home for her children. In the meantime, Kerry M. testified that she wanted the State to continue to take care of K.M. and J.O. because she has no one else to care for them. According to Kerry M., her children are "safe where they are at." Once she is released, Kerry M. testified that her plan was to finish massage therapy school, stay with her great-grandmother, and go to church on Sundays. She also claimed to have a job waiting for her with her family. However, when questioned specifically about the job, she testified that she was not sure what kind of work she would be doing and that her uncle would tell her at the time she is released. When later questioned about her job prospects, she changed her testimony, stating that it was her aunt, not her uncle, who would employ her. Kerry M.

testified that her aunt owns rental properties and that she would help her aunt with these properties and help her great-grandmother around the house.

In reviewing the record, we cannot say that the trial court abused its discretion. The evidence shows that because of her continued illegal drug dependency, Kerry M. is unable to provide for the emotional and physical needs of her children. Her drug addiction places her children in emotional and physical danger. Indeed, despite the danger posed to her unborn baby, Kerry M. continued to use illegal drugs during her pregnancy. She continued to use illegal drugs after her children were removed from her care. And, she continued to use illegal drugs after she was placed on probation. Because of her drug use, at the time of trial, she had no place for her children to live. Thus, in addition to her inability to provide for the emotional and physical needs of her children, and in addition to her drug use placing her children in emotional and physical danger, the evidence showed that she had no stable living environment for her children. We, therefore hold that the trial court did not abuse its discretion in finding that Kerry M.'s appellate point was frivolous.

## PAUL H.'S PARENTAL RIGHTS

The trial court found Paul H. to be indigent but concluded that his appellate points were frivolous. *See* TEX. FAM. CODE ANN. § 263.405(d) (Vernon Supp. 2007). Paul H.'s court-appointed appellate attorney has also concluded that his appellate points are frivolous. Counsel has filed a motion to withdraw and a brief in support of that motion, stating that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio 2003, no pet.) (applying *Anders* procedure in appeal from order terminating parental rights). Counsel sent a copy of his brief to Paul H. and advised him of his right

to examine the record and to file a pro se brief. Paul H., however, did not file a pro se brief. After reviewing the record, we agree that Paul H.'s appeal is frivolous and without merit. Therefore, we affirm the trial court's judgment terminating Paul H.'s parental rights and grant counsel's motion to withdraw.

## CONCLUSION

We affirm the trial court's judgment.

Karen Angelini, Justice