Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00264-CV

**IN THE INTEREST OF D.M. III**, et al.

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-PA-02344
Honorable Lori Massey, Judge Presiding[1]

Opinion by:     Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:  October 8, 2008

AFFIRMED

Appellant, M.M., appeals the trial court's order finding that her appeal of the order terminating her parental rights would be frivolous. M.M. sought to challenge the sufficiency of the evidence to support the termination. M.M. also sought to appeal the issue of whether she was afforded her due process rights when the termination was based on her failure to perform a list of tasks she was ordered to perform in a prior order granting her possessory conservatorship.

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *Id*. In determining whether

---

[1] The Honorable Associate Judge Charles Montemayor presided over the hearings and made the recommendations adopted by the Honorable Lori Massey.

an appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial question for appellate review. *Id*. at 834-35.

M.M. first sought to challenge the sufficiency of the evidence to support the termination. One of the grounds upon which M.M.'s parental rights was terminated was a finding that M.M. had "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." TEX. FAM. CODE ANN. § 161.001(1)(O) (Vernon Supp. 2008). In a final order signed by the trial court on April 16, 2007, the trial court appointed the Department of Family and Protective Services as managing conservator and appointed M.M. as possessory conservator. The final order provided, "The Court further orders that the parents must comply with the tasks outlined and ordered in Attachment C attached and incorporated into this order." Included in the tasks outlined on Attachment C was an order that M.M. complete individual and family counseling to address domestic violence and how past history affects family. Another task required M.M. to make appropriate day care arrangements.

On August 27, 2007, the Department filed a petition to modify the final order, noting:

> In accordance with the prior order, [the Department] was to remain as managing conservator of the children, made the basis of this suit, until such time as the mother and father could explore other options for the purpose of reunification with the children; [the Department] would continue to work with the parents toward reunification through a family service plan (attachment C of said Decree) for the mother and a subsequent family service plan filed with the court for the father. Both parents have failed to adhere to said family service plans and failed to maintain contact with the children and [the Department].

A placement review report filed on April 9, 2008 stated that M.M. was required to complete individual counseling to address why her children are in care and her history of past abuse. M.M. also was required to make child care arrangements. The report stated, "Once [M.M.] engaged in counseling and successfully made arrangements for the children then [the children] would be

reunited with her and monitoring could begin.  The target date of reunification was June of 2007

when the children completed the school year."  Although M.M. began counseling, she was dropped

in June of 2007 for lack of participation and failing to make proper arrangements for the children.

M.M. was given a second opportunity to re-engage in services but failed to participate.  A different

counselor then dropped M.M. in September of 2007.  M.M. was given a third opportunity to engage

in services but failed to provide any documentation to the caseworker.

At the hearing on the statement of appellate points, the Department's attorney noted that

between August of 2007, when the petition to modify was filed, and April of 2008, when M.M.'s

rights were terminated, M.M. failed to take any action with regard to the required tasks.  M.M. did

not argue at the hearing that contrary evidence was presented at the termination proceeding to show

that M.M. had performed the tasks listed in the court order.  The trial court, therefore, did not abuse

its discretion in finding that an appeal challenging the sufficiency of the evidence would be

frivolous.[2]

M.M. also contends that she was not afforded due process because the final order appointing

her possessory conservator did not state that her parental rights could be terminated if she failed to

---

[2] In its brief, the State argues that we should presume the record from the termination proceeding would support the trial court's decision because M.M. failed to request its preparation, and the State prays that we dismiss the appeal because M.M. "failed to bring forth a record of the Termination proceeding."  The State's argument and prayer fail to take into consideration the nature of the order being appealed.  "If [a] trial court determines that [an] appeal is frivolous, the indigent parent is not entitled to obtain a free record on appeal." *In re M.R.J.M.*, 193 S.W.3d 670, 672-73 (Tex. App.—Fort Worth 2006, order).  Instead, the indigent parent is only entitled to obtain the record of the frivolousness hearing without advance payment. *Id*.  Moreover, if this court believed that a review of the reporter's record of the termination proceeding was necessary to determine whether the trial court acted within its discretion, we would be required to independently order the preparation of the record in order to satisfy our constitutional obligation to conduct a conclusive appellate review of all factual sufficiency questions that are properly presented on appeal. *See id*.

perform the tasks she was ordered to perform. The final order, however, expressly stated that the children would continue in care, and the court would continue to review the placement, progress and welfare of the children. The order stated that M.M. "must complete" the tasks. Moreover, even if M.M. did not understand that mandatory compliance with the court-ordered tasks was a condition of her continued relationship, M.M. could not fail to understand the implication of the Department's filing of a petition to modify. Despite the Department's filing of the petition in August of 2007, M.M. failed to take action on any of her tasks in the eight-month period that elapsed until the date of the termination order. Accordingly, the trial court did not abuse its discretion in finding that an appellate issue raising this due process complaint would be frivolous.

The trial court's order is affirmed.

Alma L. López, Chief Justice