TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00684-CV






Ticole Taylor, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 230,270-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




O R D E R


PER CURIAM

 After a bench trial, the trial court terminated Ticole Taylor's parental rights. She
filed a notice of appeal from the order terminating her parental rights. Taylor asserted in her motion
for new trial and her statement of points on appeal that the judgment was not supported by legally
or factually sufficient evidence. At the hearing, the trial court denied Taylor's motion for new trial
and found her indigent, but found that the appeal was frivolous. See Tex. Civ. Prac. & Rem. Code
Ann. § 263.405 (West 2008). We affirm the finding that the appeal is frivolous.

 Taylor contended in her motion for new trial and statement of points on appeal that
the evidence did not support termination because she was in prison and unable to engage in the
Department's service plan and, although she tested positive for marijuana at the birth of her youngest
child, the child did not test positive for drugs. Taylor contends that there is no other support for the
finding that she was a danger to her children's physical and emotional well-being. Taylor did not
appear at the "263.405 hearing" to determine her motion for new trial, her indigence, and the
frivolousness of her appeal, but was represented by counsel. Taylor's attorney stated at the 263.405
hearing that he had contacted Taylor in state jail, but that she had not responded. He elected not
to file a brief in this Court regarding frivolousness. The record available for review includes the
clerk's record and a reporter's record of the 263.405 hearing.

 A court may terminate parental rights if it finds by clear and convincing evidence
that a parent has committed any of several statutory bases for termination and that termination is in
the best interest of the child. See Tex. Fam. Code Ann. § 161.001 (West Supp. 2009); Holley
v. Adams, 544 S.W.2d 367, 370-72 (Tex. 1976). Clear and convincing evidence is "that measure or
degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to
the truth of the allegations sought to be established." In re G.M., 596 S.W.2d 846, 847 (Tex. 1980).
In a legal sufficiency review of a judgment terminating parental rights, an appellate court reviews
all the evidence in the light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that its finding was true. In re J.F.C., 96 S.W.3d
256, 266 (Tex. 2002). In a factual sufficiency review of a judgment terminating parental rights, the
inquiry is whether the evidence is such that a fact-finder could reasonably form a firm belief or
conviction about the truth of the State's allegations. Id.

 An appeal is frivolous when it lacks an arguable basis in law or in fact. In re M.N.V.,
216 S.W.3d 833, 834 (Tex. App.--San Antonio 2006, no pet.); accord In re K.D., 202 S.W.3d
860, 866 (Tex. App.--Fort Worth 2006, no pet.). In determining whether an appeal is frivolous, the
trial judge may consider whether the appellant has presented a substantial question for appellate
review. See Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating standard set in Tex. Civ. Prac.
& Rem. Code Ann. § 13.003(b) (West 2002)). We review the court's decision that the appeal is
frivolous under an abuse-of-discretion standard. M.N.V., 216 S.W.3d at 834; K.D., 202 S.W.3d
at 866. A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner
or without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

 According to documents in the clerk's record, Taylor smoked marijuana while
pregnant and the sole custodial parent of two small children. As a babysitter, she once left her
sister's two-year-old child and seven-year-old child entirely unattended. Taylor's sister expressed
serious concern regarding Taylor's ability to properly care for children. In 2008, Taylor tested
positive for drug use twice despite knowing--through her probation and the pendency of this
case--that her freedom and her parental rights were at risk. She then did not appear for drug testing.
She did not engage in services to help regain custody of her children before her probation was
revoked. She was sentenced to six years in state jail, where she resided at the time the trial court
terminated her parental rights.

 Based on the record before us, Taylor's contention that the evidence is legally and
factually insufficient to support termination does not present a substantial, arguable question of
fact or law. The trial court did not abuse its discretion in finding this appeal frivolous.

 This order is not a final determination on the merits of this appeal. We do not find a
basis in the statutes for proceeding to also determine the merits of the appeal at this time. See Vallejo
v. Texas Dep't of Family & Protective Servs., No. 03-07-00003-CV, 2008 Tex. App. LEXIS 5619,
at *7-8 (Tex. App.--Austin April 18, 2008, order) (mem. op.). But see In re S.T., 263 S.W.3d 394,
403 (Tex. App.--Waco 2008, pet. denied). This order only affirms the trial court's finding that
Taylor's appeal is frivolous, which confirms the denial of her right to a free record on appeal. See
Tex. Civ. Prac. & Rem. Code Ann. § 13.003; Tex. Fam. Code Ann. § 263.405(d)(3), (g).

 Taylor must pay or make arrangements to pay for the reporter's record on or
before July 29, 2010, and must inform this Court's clerk's office by letter of what payment or
arrangements to pay have been made by that date. If the reporter's record is filed, Taylor's brief will
be due thirty days from the date the record was filed. If no reporter's record is to be filed, the appeal
will be submitted on the record at hand, and Taylor's brief will be due on or before August 16, 2010.
If Taylor no longer wishes to pursue this appeal, she shall file a motion to dismiss.

 It is so ORDERED July 16, 2010.



Before Chief Justice Jones, Justices Pemberton and Waldrop