TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00220-CV






Amy Guedea and Luis Guedea Veloz, Appellants


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 36,304, HONORABLE ROB HOFMANN, JUDGE PRESIDING




O R D E R




 After a bench trial, the trial court terminated Amy Guedea and Luis Guedea Veloz's
parental rights to their minor children, E.A.B.G., R.L.G., G.G., P.J.G., and L.R.G. Both Amy and
Luis filed notices of appeal from the final order terminating their parental rights. In their statements
of points on appeal, Amy and Luis each asserted that the evidence was insufficient to establish that
termination of their respective parental rights was in the children's best interest; Luis further asserted
that he did not receive a fair trial because his court-appointed counsel was ineffective. Following
a hearing, the trial court found that both appellants were indigent and, after considering their
statements of points on appeal, that both appeals were frivolous. See Tex. Fam. Code Ann.
§ 263.405 (West 2008). Amy and Luis now appeal the trial court's findings that their respective
appeals are frivolous. We affirm the frivolousness findings.

 An appeal is frivolous when it lacks an arguable basis in law or in fact. In re M.N.V.,
216 S.W.3d 833, 834 (Tex. App.--San Antonio 2006, no pet.); see In re K.D., 202 S.W.3d 860, 866
(Tex. App.--Fort Worth 2006, no pet.). In determining whether an appeal is frivolous, the trial court
may consider whether the appellant has presented a substantial question for appellate review. See
Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating standard set in Tex. Civ. Prac. & Rem. Code
Ann. § 13.003(b) (West 2002)). We review the trial court's decision that the appeal is frivolous
under an abuse-of-discretion standard. M.N.V., 216 S.W.3d at 834; K.D., 202 S.W.3d at 866. A trial
court abuses its discretion when it acts in an arbitrary or unreasonable manner or without reference
to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985); see Lumpkin v. Texas Dep't of Family & Protective Servs., 260 S.W.3d 524, 527 (Tex.
App.--Houston [1st Dist.] 2008, no pet.).

 A court may terminate parental rights if it finds by clear and convincing evidence that
a parent has committed any of the several statutory bases for termination and that termination is in
the best interest of the child. See Tex. Fam. Code Ann. § 161.001 (West Supp. 2009); Holley
v. Adams, 544 S.W.2d 367, 370-72 (Tex. 1976). Clear and convincing evidence is "that measure or
degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to
the truth of the allegations sought to be established." In re G.M., 596 S.W.2d 846, 847 (Tex. 1980). 
In a legal-sufficiency review of an order terminating parental rights, an appellate court reviews all
the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true. In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002). In a factual-sufficiency review, the inquiry is whether the evidence is such that a
fact-finder could reasonably have formed a firm belief or conviction about the truth of the
allegations. Id.


Best-interest determination

 In their statements of points on appeal, Amy and Luis both asserted that the evidence
was insufficient to establish that termination of their parental rights was in the children's best
interest. The best interest of the child is assessed using a nonexclusive list of factors set out by the
supreme court, including (1) the desires of the children, (2) the emotional and physical needs of the
children now and in the future, (3) the emotional and physical danger to the children now and in the
future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to
assist the individuals seeking custody, (6) the stability of the home or proposed placement, and
(7) the acts or omissions of the parent that may indicate that the existing parent-child relationship
is not a proper one, and any excuses therefor. See Holley, 544 S.W.2d at 371-72. Evidence need not
establish the existence of every factor to support a finding that termination is in the best interest of
the children; in some cases, undisputed evidence of just one factor may be sufficient to support a
finding that termination is in the child's best interest. In re C.H., 89 S.W.3d 17, 27 (Tex. 2002).

 Assessing the evidence against the Holley factors reveals the following:


The children were removed in April of 2009, and since then have been living in a
foster home with caregivers who were willing to adopt all five children, thereby
allowing the sibling bond to remain intact. The children were aware that the foster
home is their intended adoptive home and have indicated that they are happy in their
placement and want to be adopted by their current caregivers.


The current caregivers are supportive, appropriate, and capable of providing for the
children's emotional and physical needs. Since they began living in their foster
home, the two school-age children have been doing well academically and have been
participating in extracurricular activities.


Both Amy and Luis are unable to care for the children at the present time, as they are
currently incarcerated in federal prison for drug-related offenses. The record shows
that Amy will not be released for the next five years, and Luis will not be released for
the next ten. In addition, it appears that Luis will be deported once he completes his
prison sentence.


Although Amy had successfully completed many of the services the Department had
required of her, she failed to complete court-ordered individual therapy and currently
has no source of income and no way to provide for the children financially. There
was also evidence that Amy had failed to recognize that having drugs and weapons
in the house--the situation that led to her arrest and incarceration--posed a danger
to the children.


The Department and the court-appointed special advocate had unsuccessfully
searched for appropriate relative placements for the children where they could remain
while their parents finished their prison sentences. Of the possible relatives
suggested by Amy and Luis, only one could be located and the home did not pass the
Department's home-study evaluation.



 Based on the record before us, the contention that the evidence is legally and factually
sufficient to support the finding that termination is in the children's best interest does not present a
substantial, arguable question of fact or law. We therefore conclude that the trial court did not abuse
its discretion in finding the appeals frivolous insofar as they relied on this contention.


Ineffective assistance of counsel

 Luis further asserted in his statement of points that he had received ineffective
assistance of counsel. In order to establish counsel was ineffective, Luis is required to show that: 
(1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his
defense. See in re M.S., 115 S.W.3d 534, 545 (Tex. 2003). To demonstrate prejudice, Luis must
show a reasonable probability exists that the result of the proceeding would have been different but
for counsel's deficient performance. Id. at 549-50. As he has neither filed a brief explaining how
counsel's performance was deficient nor produced an appellate record that establishes deficient
performance, we must overrule this contention on appeal. See In re A.D.A., 287 S.W.3d 382, 390
(Tex. App.--Texarkana 2009, no pet.).

 Having affirmed the trial court's findings that Amy and Luis's appeals are frivolous,
we determine that neither is entitled to a free record on appeal. See Tex. Civ. Prac. & Rem. Code
Ann. § 13.003; Tex. Fam. Code Ann. § 263.405(d)(3), (g). Accordingly, appellants must pay or
make arrangements to pay for the reporter's record on or before October 4, 2010, and must inform
this Court's clerk's office by letter of what payment or arrangements to pay have been made by that
date. If the reporter's record is filed, appellants' briefs will be due twenty days from the date the
record was filed. If no reporter's record is to be filed, that appeal will be submitted on the record at
hand, and appellants' briefs will be due on or before October 12, 2010. If either appellant no longer
wishes to pursue this appeal, he or she should file a motion to dismiss.

It is so ordered September 22, 2010.


 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton