NO. 07-10-0204-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 9, 2011

_____

IN THE INTEREST OF J.R. AND A.G.S., CHILDREN

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-550,085; HONORABLE KEVIN C. HART, JUDGE

_____

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]


**MEMORANDUM OPINION**


Appellant, A.D.S., appeals from the trial court's order terminating his parental rights to A.G.S.[2]  In presenting this appeal, appointed counsel has filed an *Anders*[3] brief in support of a motion to withdraw.[4]  We grant counsel's motion and affirm.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[2]To protect the parents' and children's privacy, we refer to them by their initials.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008).  *See also* Tex. R. App. P. 9.8(b).  The children's mother, J.S. is deceased and J.R.'s father, A.J.P., whose parental rights were also terminated in this proceeding, is not a party to this appeal.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]This Court has previously held that appointed counsel may file an *Anders* brief in an appeal from a parental rights termination order.  *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.–Amarillo 2001, no pet.).

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a pro se response if he desired to do so. *In re Schulman*, 252 S.W.3d at 408. By letter, this Court granted A.D.S. thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. He did not file a response.[5] The Department filed a letter response agreeing with counsel's evaluation that this appeal is frivolous.

A.D.S. and J.S. moved from Oklahoma to Texas with J.R. and A.G.S. On June 2, 2008, while at a motel in Lubbock, J.S. sustained fatal injuries at the hands of A.D.S. The two children were present at the time. A.D.S. was arrested and with no local relatives to care for the children, they were placed in foster care. The Texas Department of Family and Protective Services initiated legal action to terminate the parental rights of A.D.S. to A.G.S. Numerous grounds for termination were alleged pursuant to section 161.001(1) of the Texas Family Code. However, at the termination hearing, the case proceeded solely on A.D.S.'s Affidavit of Voluntary Relinquishment of

---

[5]A.D.S.'s response was due on November 5, 2010. No response was filed, but on June 22, 2011, Appellant filed a letter in this Court regarding a relative's attempt to seek custody of J.R. and A.G.S. and complaining of the Department's support in helping the adoptive family keep the children. That issue, however, is not relevant to the termination of Appellant's parental rights.

2

Parental Rights executed in compliance with section 161.103 of the Code. A.D.S. testified he executed the affidavit freely and voluntarily and with the benefit of appointed counsel.

After the trial court terminated his parental rights, A.D.S. filed a Motion for New Trial asserting duress in execution of the affidavit.[6] At the hearing on the motion, A.D.S. testified he wanted to challenge the voluntary relinquishment because he was confused about a post-termination Rule 11 agreement he entered into with the adoptive couple. However, he offered no testimony of duress in signing the affidavit. At the conclusion of the hearing, the trial court ruled that a misunderstanding as to what A.D.S. signed was not sufficient to establish that the affidavit was involuntarily executed. The motion for new trial was denied. The trial court's ruling was memorialized in a written order in which the trial court also found that any appeal of the termination order was frivolous. *See* Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008).

By the *Anders* brief, counsel raises two arguable issues, to wit: (1) the trial court's frivolous finding and (2) voluntariness of the affidavit of relinquishment of parental rights. She then candidly concedes why the issues are without merit. A frivolous finding is reviewed for abuse of discretion. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex.App.--San Antonio 2006, no pet.). The trial court determines whether an appeal is frivolous under section 13.003(b) of the Texas Civil Practice and Remedies Code. An appeal is

---

[6]We note that A.D.S. did not file a Statement of Points as required by section 263.405(b) of the Family Code. Per section 263.405(i), this Court may not consider issues not specifically presented to the trial court in a timely filed Statement of Points. However, in the interests of justice we address the arguable issues raised by counsel. Any potential ineffective assistance claim against trial counsel in failing to file a Statement of Points, *see In re J.O.A.*, 262 S.W.3d 7, 18-19 (Tex.App.--Amarillo 2008), *aff'd as modified and remanded*, 283 S.W.3d 336 (Tex. 2009), would be rendered harmless by a valid affidavit of voluntary relinquishment of parental rights.

frivolous when it lacks an arguable basis either in law or in fact.  *In re K.D.*, 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no pet.).  Additionally, a party seeking to overturn a termination order based on an unrevoked affidavit of relinquishment is limited to arguing fraud, duress, or coercion in the execution of the affidavit.  *See* Tex. Fam. Code Ann. § 161.211(c) (West 2008).  *See also In re D.E.H.*, 301 S.W.3d 825, 828 (Tex.App. --Fort Worth 2009, pet. denied).  The record demonstrates that A.D.S. executed a valid affidavit of relinquishment of parental rights free from fraud, duress or coercion.  Consequently, the trial court did not abuse its discretion in finding this appeal to be frivolous.

Notwithstanding the trial court's frivolous finding, reporter's records of both the termination hearing and the hearing on A.D.S.'s motion for new trial were duly filed.  Therefore, as in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice