NO. 07-10-0204-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL E

 AUGUST 9, 2011

 ______________________________

 IN THE INTEREST OF J.R. AND A.G.S., CHILDREN

 _________________________________

 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2009-550,085; HONORABLE KEVIN C. HART, JUDGE

 _______________________________

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.
 MEMORANDUM OPINION
Appellant, A.D.S., appeals from the trial court's order terminating his parental rights to A.G.S. In presenting this appeal, appointed counsel has filed an Anders brief in support of a motion to withdraw. We grant counsels motion and affirm.
 In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that she has complied with the requirements of Anders and In re Schulman by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a pro se response if he desired to do so. In re Schulman, 252 S.W.3d at 408. By letter, this Court granted A.D.S. thirty days in which to exercise his right to file a response to counsels brief, should he be so inclined. Id. at 409 n.23. He did not file a response. The Department filed a letter response agreeing with counsel's evaluation that this appeal is frivolous. 
 A.D.S. and J.S. moved from Oklahoma to Texas with J.R. and A.G.S. On June 2, 2008, while at a motel in Lubbock, J.S. sustained fatal injuries at the hands of A.D.S. The two children were present at the time. A.D.S. was arrested and with no local relatives to care for the children, they were placed in foster care. The Texas Department of Family and Protective Services initiated legal action to terminate the parental rights of A.D.S. to A.G.S. Numerous grounds for termination were alleged pursuant to section 161.001(1) of the Texas Family Code. However, at the termination hearing, the case proceeded solely on A.D.S.'s Affidavit of Voluntary Relinquishment of Parental Rights executed in compliance with section 161.103 of the Code. A.D.S. testified he executed the affidavit freely and voluntarily and with the benefit of appointed counsel. 
 After the trial court terminated his parental rights, A.D.S. filed a Motion for New Trial asserting duress in execution of the affidavit. At the hearing on the motion, A.D.S. testified he wanted to challenge the voluntary relinquishment because he was confused about a post-termination Rule 11 agreement he entered into with the adoptive couple. However, he offered no testimony of duress in signing the affidavit. At the conclusion of the hearing, the trial court ruled that a misunderstanding as to what A.D.S. signed was not sufficient to establish that the affidavit was involuntarily executed. The motion for new trial was denied. The trial court's ruling was memorialized in a written order in which the trial court also found that any appeal of the termination order was frivolous. See Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008).
 By the Anders brief, counsel raises two arguable issues, to wit: (1) the trial court's frivolous finding and (2) voluntariness of the affidavit of relinquishment of parental rights. She then candidly concedes why the issues are without merit. A frivolous finding is reviewed for abuse of discretion. In re M.N.V., 216 S.W.3d 833, 834 (Tex.App.--San Antonio 2006, no pet.). The trial court determines whether an appeal is frivolous under section 13.003(b) of the Texas Civil Practice and Remedies Code. An appeal is frivolous when it lacks an arguable basis either in law or in fact. In re K.D., 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no pet.). Additionally, a party seeking to overturn a termination order based on an unrevoked affidavit of relinquishment is limited to arguing fraud, duress, or coercion in the execution of the affidavit. See Tex. Fam. Code Ann. § 161.211(c) (West 2008). See also In re D.E.H., 301 S.W.3d 825, 828 (Tex.App. --Fort Worth 2009, pet. denied). The record demonstrates that A.D.S. executed a valid affidavit of relinquishment of parental rights free from fraud, duress or coercion. Consequently, the trial court did not abuse its discretion in finding this appeal to be frivolous.
Notwithstanding the trial court's frivolous finding, reporter's records of both the termination hearing and the hearing on A.D.S.'s motion for new trial were duly filed. Therefore, as in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsels brief, we agree with counsel that there are no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).
Accordingly, counsel's motion to withdraw is granted and the trial courts judgment is affirmed. 
 Patrick A. Pirtle
 Justice