

# COURT OF APPEALS

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE,
CLERK

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

Court of Appeals Number:    04-11-00308-CV
Trial Court Case Number:    3743
Style:  In the Interest of C.Y.S, et al, Children

Trial Judge:    The Honorable Enrique Fernandez
Trial Court Reporter:  John Price
Trial Court:    63rd Judicial District Court
Trial County:  Edwards

ORIGINAL OPINION DELIVERED:        NOVEMBER 30, 2011
MOTION FOR REHEARING DENIED:
RELEASED FOR PUBLICATION:
PUBLISH:  Y    PAGES:  9

APPELLANT ATTORNEY | APPELLEE ATTORNEY

Manuel C. Rodriguez, Jr.
Law Office of Manuel C. Rodriguez, Jr.
Lincoln Center - Suite 535
7800 IH-10 West
San Antonio, TX 78230

Jeffrey S. Mahl
Law Offices of Jeffrey S. Mahl
108 West Losoya Street
Del Rio, TX 78840

Luisa Petrin Marrero
Texas Department of Family and Protective
Services MC: Y-956
2401 Ridgepoint Drive, Bldg. H-2
Austin, TX 78754

Shelly L. Merritt
Texas Department of Family and Protective
Services
3635 S.E. Military Drive
San Antonio, TX 78223

Michael Shulman
Texas Department of Family and Protective
Services, MC: Y-956
2401 Ridgepoint Drive. Bldg. H-2
Austin, TX 78754

Steven W. Bartels
Appellate Attorney, Office of General Counsel
Texas Department of Family and Protective
Services
2401 Ridgepoint Drive, Bldg. H-2
Austin, TX 78754

Addressee Count:    6





## MEMORANDUM OPINION

No. 04-11-00308-CV

**IN THE INTEREST OF C.Y.S.**, et al., Children

From the 63rd Judicial District Court, Edwards County, Texas
Trial Court No. 3743
The Honorable Enrique Fernandez, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   November 30, 2011

AFFIRMED

This is an accelerated appeal from the trial court's order terminating the appellant's parental rights. *See* TEX. FAM. CODE ANN. § 263.405 (West Supp. 2011).[1] We hold the trial court abused its discretion in finding that the appellate issue concerning appointment of counsel is frivolous, but overrule the issue on its merits and affirm the trial court's termination order.

### BACKGROUND

On December 10, 2009, the Texas Department of Family and Protective Services (the "Department") filed an "Original Petition for Protection of a Child, for Conservatorship, and for

---

[1] Recently, section 263.405 was substantially amended; however, the prior version of section 263.405 applies to this case because the final termination order was signed before the September 1, 2011 effective date of the amendment. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 75, § 8, 2011 Tex. Gen. Laws 348, 349-50.

Termination in Suit Affecting the Parent-Child Relationship" with respect to Krystal's six children.[2] The petition stated, "If reunification with the mother cannot be achieved, the Court should terminate the parent-child relationship . . ." on the alleged grounds for termination. The court signed an "Order for Protection of a Child in an Emergency" naming the Department the temporary sole managing conservator of the children, and appointed an attorney ad litem for the children. A full adversary hearing was held on January 21, 2010. In its temporary orders signed at the conclusion of the hearing, the court notes that Krystal appeared in person and announced ready, and states that it is deferring its finding regarding an attorney ad litem for Krystal because she "has not appeared in opposition to this suit or has not established indigency." The family services plan dated February 16, 2010 stated the permanency goal for all the children was "family reunification" with a target date of December 31, 2010; Krystal and the father signed the plan. A status hearing was held on March 4, 2010, at which Krystal appeared and acknowledged understanding the family services plan.

The initial permanency progress report filed by the Department on June 14, 2010 again stated that the permanency goal for the children was family reunification, but noted that neither parent was in compliance with the family services plan; the report also identified the existence of "variables that would be a barrier for reunification if risk factors are not resolved that include[:] Krystal's decision to remain in an abusive and highly volatile relationship with [the father], who has not complied with services and continues to engage in substance use." A permanency hearing was held on July 20, 2010; Krystal appeared but the father did not appear. The court found that neither parent had demonstrated adequate and appropriate compliance with the family services plan, and set a trial date and dismissal date. The Department's next permanency

---

[2] To protect the privacy of the parties, we identify the children by their initials and the parents by their first names only. TEX. R. APP. P. 9.8(b); TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2011).

progress report filed on September 23, 2010 stated that both parents had failed to comply with the family services plan, and changed the permanency goal for the children from family reunification to "termination of parental rights." The report stated that Krystal and the father were warned at the July 20, 2010 hearing that if they continued to fail to comply with the service plan the permanency goal would be changed to termination. The next permanency hearing was held on October 8, 2010. The court's docket sheet entry for October 8, 2010 reflects that the court noted that the Department's goal was "now termination," and that both parents were advised of their right to an attorney; the court appointed an attorney to represent Krystal. A new trial date was set for December 16, 2010. Krystal's counsel requested a continuance of the December trial setting, which was granted to February 3, 2011.

Eight witnesses testified at the February 3, 2011 bench trial, including Krystal and the father, the Department's caseworker assigned to the family and the legal worker who created the family services plan, a psychotherapist who treated Krystal as a victim of domestic violence, a family homemaker consultant who counseled both parents, Krystal's case worker with Quad Counties Council on Alcohol and Drug Abuse, and a friend of Krystal. At the conclusion of the trial, the court terminated Krystal's parental rights based on its findings that Krystal (i) knowingly endangered the physical or emotional well-being of the children and (ii) failed to comply with the family service plan setting forth the actions necessary to obtain return of the children, and that termination is in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(1) (D), (O), & (2) (West Supp. 2010). Krystal filed a motion for new trial and affidavit of indigence, and a notice of appeal.[3] In her motion for new trial, Krystal alleged that a new trial should be granted because the evidence was insufficient to support the grounds for termination, and the trial court failed to appoint her an attorney "at the initiation of the petition

---

[3] The parental rights of the children's father were also terminated, but he did not appeal.

filed by the Department . . . causing her to miss important discovery and trial deadlines, i.e., including . . . her right to request jury trial." The Department filed a request for findings under section 263.405(d), with an affidavit summarizing the trial evidence and a brief in support, requesting that the court determine that any appeal would be frivolous. *See id.* at § 263.405(d)(3). After holding the section 263.405(d) hearing, the court denied Krystal's motion for new trial and found her indigent for purposes of appeal; it carried the ruling on whether her appeal is frivolous pending her filing of a late statement of appellate points, for which the court granted an extension. *See id.* at § 263.405(b)(2), (d)(3). Krystal filed a statement of appellate points listing several challenges to the sufficiency of the evidence to support termination, and several abuses of discretion by the trial court including, "Failure of the Court to appoint an attorney to Krystal . . . from the outset of the civil matter, specifically the date of filing of the Petition for Termination of Parent Child Relationship by the Department of Family Protective Services." The trial court subsequently issued an "Additional Finding on Hearing Held Pursuant to Section 263.405 Texas Family Code" in which it found Krystal's appellate points to be frivolous. *See id.* at § 263.405(d)(3). Krystal now appeals the court's finding that her appeal is frivolous.

## ANALYSIS

Because the trial court found that all of the appellate issues raised in Krystal's statement of appellate points are frivolous, the scope of our review is initially limited by statute to the frivolousness issue. *Id.* at § 263.405(g); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). In her brief, Krystal raises only one of the multiple issues listed in her statement of appellate points—that the delay in appointment of counsel was an abuse of discretion and violation of her due process rights. Before we can reach the substantive merits of

Krystal's issue on appeal, we must determine whether the trial court abused its discretion in finding this appellate point to be frivolous. *In re M.N.V.*, 216 S.W.3d 833, 834-35 (Tex. App.— San Antonio 2006, no pet.).

Although Krystal's brief does not directly address the question of whether her appeal is frivolous, we construe her argument to encompass a challenge to the court's finding that her appellate issue is frivolous. *See Lumpkin v. Dep't of Family and Protective Servs.*, 260 S.W.3d 524, 526 n.3 (Tex. App.—Houston [1st Dist.] 2008, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *In re S.M.*, No. 04-08-00340-CV, 2008 WL 5423138, at *1 (Tex. App.—San Antonio Dec. 31, 2008, no pet.) (mem. op.); *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). In determining whether an appeal is frivolous, the court considers whether the appellant has presented a substantial question for appellate review. TEX. FAM. CODE ANN. § 263.405(d)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002); *In re S.M.*, 2008 WL 5423138, at *1. Here, the Department concedes in its brief that Krystal's issue concerning appointment of counsel is not frivolous, and we agree that it has at least an arguable basis in law and fact and is, therefore, not frivolous. *See In re M.N.V.*, 216 S.W.3d at 835. Accordingly, we conclude the trial court abused its discretion in finding that Krystal's appellate point challenging the delay in appointment of counsel is frivolous.

Having concluded Krystal's appellate issue is not frivolous, we may proceed to address the merits of the issue because we have the benefit of the full record of the termination proceedings and full briefing on the issue's merits by the parties.

In her sole issue on appeal, Krystal asserts the trial court abused its discretion and violated her due process rights by failing to timely appoint an attorney ad litem to represent her

pursuant to section 107.013 of the Family Code. TEX. FAM. CODE ANN. § 107.013 (West Supp. 2011). The Department argues this issue was not preserved because it is not the same issue that was listed in Krystal's statement of appellate points and that was raised in the trial court; specifically, the Department acknowledges Krystal challenged the delay in appointment of counsel in her motion for new trial and in her statement of points, but objects that she did not raise the constitutional claim, i.e., a due process violation, that she now argues on appeal. We agree that the record contains no indication that Krystal ever raised a due process claim in the trial court, and that the constitutional claim was therefore not preserved. *See* TEX. FAM. CODE ANN. § 263.405(i) (providing the appellate court may not consider any issue not specifically presented to the trial court in the statement of appellate points); TEX. R. APP. P. 33.1; *see also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *In re M.Y.C.*, No. 04-06-00895-CV, 2007 WL 2935482, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.). However, we note that Krystal's complaint in her brief about the timing of appointment of counsel is phrased as both an assertion that the trial court abused its discretion under the statute and an assertion that her due process rights were violated. Therefore, we will address only the argument that the trial court abused its discretion under section 107.013 in failing to appoint Krystal an attorney ad litem earlier in the process.

Krystal argues the trial court should have appointed counsel to represent her soon after the Department filed its petition because it was obvious she was indigent and opposed the termination of her parental rights. Under section 107.013(a)(1) of the Family Code, the trial court is required to appoint an attorney ad litem to represent a parent's interests in a termination suit brought by the Department if the parent is indigent and responds in opposition to the termination. TEX. FAM. CODE ANN. § 107.013(a)(1). Subsection (c) of section 107.013 also

mandates appointment of an attorney ad litem to "an indigent parent . . . who responds in opposition to the suit" if the Department seeks temporary managing conservatorship of a child. *Id.* at § 107.013(c). Krystal contends the trial court had notice of her indigency as early as December 16, 2009 by virtue of the caseworker's affidavit attached to the Department's original petition, which stated she was currently receiving food stamps. Krystal also argues her appearances at all of the hearings showed she was "opposed to" any termination of her parental rights from the beginning of the proceedings; therefore, the trial court erred in not appointing her an attorney ad litem right away.

As noted, *supra*, at the January 21, 2010 hearing on temporary orders, the trial court expressly deferred ruling on the appointment of counsel for Krystal because it found Krystal had not "appeared in opposition to this suit or has not established indigency" as required by the statute. *See id.* at § 107.013(a)(1), (c). Subsection (d) of section 107.013 expressly requires a parent who claims indigence under the statute to file an affidavit of indigence in accordance with Rule 145(b) of the Texas Rules of Civil Procedure before the trial court can determine the parent's indigence under section 107.013. *Id.* at § 107.013(d). The record does not contain an affidavit of indigence filed by Krystal in compliance with section 107.013(d) prior to October 8, 2010, the date her attorney was appointed.[4] Further, the record does not reflect that Krystal ever made an earlier request for appointment of an attorney, either orally or in writing, or filed an answer or testified in opposition to removal of the children prior to October 8, 2010.

We have held that the complete failure to appoint counsel for an indigent parent is reversible error, but that the trial court has discretion in the timing of appointment of counsel

---

[4] Even though Krystal's section 107.013(d) affidavit is not in the record, the trial court's October 8, 2010 order appointing an attorney to represent Krystal recites that Krystal "has filed an affidavit of indigence in accordance with rule 145(b) of the Texas Rules of Civil Procedure and that appointment of an Attorney *Ad Litem* for [Krystal] is mandatory under § 107.013 of the Texas Family Code . . . ."

based on the open-ended language of section 107.013 and the omission of any set time-frame in the statute for appointment of counsel. *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied). We held in *M.J.M.L.* that appointment of counsel six months after the case began was not in itself a violation of section 107.013. *Id.*; *see also In re J.J.*, No. 13-04-00202-CV, 2006 WL 949952, at *3 (Tex. App.—Corpus Christi April 13, 2006, no pet.) (mem. op.) (holding appointment of counsel eleven months after the petition for termination was filed, but four and one-half months before trial, did not violate section 107.013); *Holmes v. Tex. Dep't of Protective and Regulatory Servs.*, No. 03-01-00325-CV, 2002 WL 1727384, at *1 (Tex. App.—Austin July 26, 2002, pet. denied) (not designated for publication) (holding court was not obligated to appoint counsel for indigent father at inception of termination proceeding and appointment of counsel one year after petition was filed, but two months before trial, did not violate section 107.013); *c.f.*, *In re C.D.S.*, 172 S.W.3d 179, 185-86 (Tex. App.—Fort Worth 2005, no pet.) (acknowledging that section 107.013(a) does not require the immediate appointment of an attorney ad litem, but holding that court erred in failing to find mother indigent and in failing to appoint counsel prior to mother's voluntary relinquishment of rights on eve of trial eight months after she testified at adversary hearing in opposition to removal of her child).

Here, Krystal neither appeared in opposition to removal of her children nor filed an affidavit of indigence as required by section 107.013 at any time prior to the appointment of counsel on October 8, 2010. Moreover, the Department's stated permanency goal for the children was family reunification until the September 23, 2010 progress report, when it was changed to parental termination; Krystal was appointed counsel at the next hearing held two weeks later. Krystal's appointed counsel had four months to prepare for trial, and Krystal does

not assert that her counsel was unprepared or otherwise rendered ineffective assistance due to the timing of the appointment. We hold that the trial court did not abuse its discretion under section 107.013(a) by appointing an attorney ad litem for Krystal on October 8, 2010, ten months after the Department's petition was filed.

Based on the foregoing reasons, we conclude the trial court abused its discretion in finding Krystal's appellate issue concerning appointment of counsel to be frivolous, but we overrule the issue on its merits and affirm the trial court's order terminating Krystal's parental rights.

Phylis J. Speedlin, Justice