

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00200-CV

## IN THE INTEREST OF A.W., A CHILD,

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 07-002701-CV-361

## MEMORANDUM OPINION

This is an accelerated appeal from a parental-termination proceeding. *See* TEX. FAM. CODE ANN. § 109.002 (West Supp. 2011). The trial court terminated appellant T.M.'s parental rights to her child, A.W. Appellant subsequently filed a statement of points with the trial court. In her points, appellant, among other things: (1) challenged the sufficiency of the evidence supporting the statutory grounds on which the trial court based its termination order; and (2) alleged that her trial counsel was ineffective for various reasons.[1] *See id.* § 161.001(1)(D)-(E) (West Supp. 2011).

---

[1] The trial court concluded that there was clear and convincing evidence to support a conclusion that appellant: (1) "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child"; and (2) "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." *See* TEX. FAM. CODE ANN. § 161.001(1)(D)-(E) (West Supp. 2011).

Thereafter, the trial court conducted a hearing to determine whether: (1) a new trial should be granted; (2) her claim of indigence should be sustained; and (3) her appeal is frivolous as provided by section 13.003(b) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (West 2002). At the conclusion of the hearing, the trial court determined that appellant is not indigent and that her appeal is frivolous. *See id.* Because appellant does not challenge the trial court's finding on indigence, we construe this as an appeal from the trial court's frivolousness finding, which is limited to whether the trial court abused its discretion in making the finding. *See Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). We affirm.

## I. COMPLIANCE WITH *ANDERS*

Appellant's court-appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, in which he states "[a]fter a thorough review of the record the undersigned counsel has determined the appeal is frivolous and there are no arguable issues supported by the evidence and applicable law . . . ." *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). Counsel states that his

"review of the record fails to show a meritorious ground on which the appeal can be predicated." In addition, counsel has informed this Court that, in his opinion, the trial court did not, among other things, abuse its discretion. *See In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.) (providing that the appellate standard of review of a trial court's determination that an appeal is frivolous in a parental-termination case is an abuse of discretion); *see also In re J.M.*, No. 10-08-00108-CV, 2008 Tex. App. LEXIS, at *4 (Tex. App.—Waco June 11, 2008, pet. denied) (mem. op.) (same). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that, in addition to providing the brief and record to appellant, he has provided appellant with the rules for appeal to the Texas Supreme Court. Counsel has also advised appellant of her right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.     INDEPENDENT REVIEW

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.).  Having reviewed the record and counsel's brief, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and review the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.     MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.[2]  Within five days of the

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review.  Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing or en banc

date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of her right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## IV. CONCLUSION

The judgment of the trial court is affirmed.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 22, 2012
[CV06]

---

reconsideration. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. *See id.* at R. 53.2.